Manuel RAMERIZ *v.* STATE of Arkansas

CA CR 04-212                                        209 S.W.3d 457

Court of Appeals of Arkansas
Opinion delivered June 8, 2005

*Mike Dabney*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. A jury in the Mississippi County Circuit Court found appellant, Manuel Rameriz, guilty of rape for engaging in sexual intercourse with a child less than fourteen years old, a violation of Ark. Code Ann. § 5-14-103(a)(1)(C)(i) (Supp. 2003). As a result, he was sentenced to a term of fifteen years in prison. Based on the same evidence, the trial court revoked appellant's suspended sentence for a second-degree escape conviction and sentenced him to three years in prison for that offense. On appeal, appellant raises two issues pertinent to the conviction for rape in which he argues that the trial court erred in denying his motion to suppress a statement he gave to the police. Appellant also contends that the trial court was without jurisdiction to revoke his previous suspended sentence. We affirm.

On January 26, 2003, appellant was questioned by Albert Wright, the chief of police in Luxora. After waiving his rights under Miranda, appellant confessed that he had sexual intercourse with the thirteen-year-old victim, R.W. Prior to giving the statement, appellant had been issued a criminal citation for sexual

solicitation of a child, and he had been arrested for that offense. At the outset of the interview, which was recorded, Chief Wright stated the fact that appellant had been arrested on the charge of soliciting a child. Appellant was charged with rape by felony information dated February 20, 2003.

Appellant first contends on appeal that he did not knowingly and intelligently waive his Miranda rights because he was told that he was being charged with sexual solicitation, not rape. Our standards of review are as follows. Statements arising from custodial interrogation are presumed to be involuntary, and the burden is on the State to prove that a custodial statement was given voluntarily and was knowingly and intelligently made. *Dondanville v. State*, 85 Ark. App. 532, 157 S.W.3d 571 (2004). In determining voluntariness, this court looks to whether the statement and waiver were the result of free and deliberate choice rather than coercion, intimidation, and deception. *Cox v. State*, 345 Ark. 391, 47 S.W.3d 244 (2001). On appeal, this court makes an independent determination of the voluntariness of a confession, but in doing so, we review the totality of the circumstances and will reverse only when the trial court's finding of voluntariness is clearly against the preponderance of the evidence. *Id.*

The Supreme Court has held that the Constitution does not require a criminal suspect to know and understand every possible consequence of a waiver of the Fifth Amendment privilege. *Colorado v. Spring*, 479 U.S. 564 (1987). There, Spring argued that his waiver was not knowingly made because he was questioned, without being informed before the waiver, about a homicide during the course of being interrogated about another crime. In rejecting the argument that his waiver was invalid, the Court's focus was on the nature of the constitutional right — "his right to refuse to answer any question which might incriminate him." *Id.* at 576 (quoting *United States v. Washington*, 431 U.S. 181, 188 (1977)). The Court said:

> This Court's holding in *Miranda* specifically required that the police inform a criminal suspect that he has the right to remain silent and that *anything* he says might be used against him. There is no qualification of this broad and explicit warning. The warning, as formulated in *Miranda,* conveys to a suspect the nature of his constitutional privilege and the consequences of abandoning it. Accordingly, we hold that a suspect's awareness of all the possible subjects of questioning in advance of interrogation is not relevant to

determining whether the suspect voluntarily, knowingly, and intelligently waived his Fifth Amendment privilege.

*Id.* at 577.

■ Our courts have recognized that a suspect's awareness of all of the different charges in advance of interrogation is not relevant in determining whether the suspect voluntarily, knowingly, and intelligently waived his rights. *Whitmore v. State,* 296 Ark. 308, 756 S.W.2d 890 (1988) (citing *Colorado v. Spring,* 479 U.S. 564 (1987)); *see also Griffin v. State,* 322 Ark. 206, 909 S.W.2d 625 (1995); *Brown v. State,* 54 Ark. App. 44, 924 S.W.2d 251 (1996). The argument appellant raises on appeal has been addressed by the appellate courts of this State and found to be unavailing. In *Standridge v. State,* 357 Ark. 105, 161 S.W.3d 815 (2004), the appellant argued that his waiver of rights was not knowingly and intelligently made because the interrogating officer used the words "lewd act" rather than rape in describing the purpose of the interview. The court found no error in the denial of the motion to suppress inasmuch as Standridge was "certainly aware" that the investigation related to allegations that he had engaged in sexual contact with the victim. In *Johnson v. State,* 71 Ark. App. 58, 25 S.W.3d 445 (2000), we found no merit in the argument that a defendant must be aware that he is a suspect of a specific crime, or that he must be informed of the specific nature of the possible charges against him in order to make a voluntary, knowing, and intelligent waiver of his Miranda rights.

Here, appellant knew that he was being questioned about acts of sexual misconduct with the victim. We know of no authority, and appellant has cited none, for the contention that the police were required to inform him about the range of offenses he could be charged with based on facts yet to be revealed in the statement. If the Constitution does not require the police to inform a suspect about the subject matter of interrogation, as was held in *Colorado v. Spring, supra,* it cannot be said that a suspect must be told of the possible offenses he could be charged with when being questioned about a specific matter. Therefore, we find no merit in this argument.

■ Appellant also contends that, when Chief Wright advised him of the charge of sexual solicitation, he "could have" interpreted this representation as a promise of leniency. Appellant, however, did not make this argument to the trial court. We will

not reverse a trial court's suppression ruling based on an argument that was never raised or otherwise developed during the hearing. *Ilo v. State,* 350 Ark. 138, 85 S.W.3d 542 (2002).

Appellant's final argument concerns the revocation. Appellant contends that his suspended sentence had expired by the time the revocation hearing was held. Although there is probable merit in this argument, we are not able consider it in light of the incomplete record that is before us.

The record reflects that on May 12, 2000, appellant was convicted of second-degree escape for which he was sentenced to two years in prison, with an additional suspended imposition of sentence of three years. Arkansas Code Annotated section 5-4-307(c) (Repl. 1997) provides that, if the court sentences the defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment. *See also Chadwell v. State,* 80 Ark. App. 133, 91 S.W.3d 530 (2002). Referencing the "supplemental record," appellant maintains that he was released from prison on October 13, 2000. He thus argues that the three-year period of suspension ended on October 13, 2003, one month in advance of the revocation hearing held on November 12, 2003. Appellant further maintains that there is nothing in the record to indicate that a warrant was issued for his arrest or that he was arrested for violating the terms of the suspended sentence prior to the expiration of the three-year suspension, which under Ark. Code Ann. 5-4-309(e) would permit revocation beyond the period of suspension. In sum, appellant contends that the trial court lacked jurisdiction to revoke the suspended sentence. The State concedes error, and recommends that we reverse and dismiss the revocation petition.

Appellant did not question the trial court's jurisdiction below. Nevertheless, appellant is correct that his failure to object does not necessarily bar a challenge on appeal because Arkansas appellate courts treat allegations of void or illegal sentences much like jurisdictional questions, which can be raised for the first time on appeal. *Brown v. State,* 85 Ark. App. 382, 155 S.W.3d 22 (2004). An illegal sentence, however, is one that is illegal on its face, *Timmons v. State,* 81 Ark. App. 219, 100 S.W.3d 52 (2003), where the trial court lacks the authority to impose it. *Jones v. State,* 83 Ark. App. 195, 119 S.W.3d 70 (2003). The illegality of the sentence in this case is dependent upon the parties' assertion that appellant was

released from prison on October 13, 2000. However, the date of appellant's release was not included in the original record, and the parties assume that we have allowed, or will permit, the record to be supplemented to include this fact as evidence. The parties are mistaken.[1]

After the record was lodged in this court, appellant filed a motion to supplement the record to include a consent order entered by the trial court which stated that appellant was released from prison on October 13, 2000. We addressed the motion in a *per curiam* opinion issued on June 30, 2004, where we stated:

> We remand this case to the circuit court to settle the record. *See* Ark. R. App. P. – Crim.; Ark. R. App. P.–Civ. 6(e). Under Rule 6(e), the circuit court may settle any difference that "arises as to *whether the record truly discloses what occurred in circuit court.*" The rule further provides that the circuit court can correct omissions from the record by error or accident or misstatements therein. While appellant attempts to use Rule 6(e) to settle the record, our concern here is whether the information contained in the consent order was presented to or considered by the circuit court at any time before the court entered a final order revoking appellant's suspended imposition of sentence. We note that our supreme court has indicated that it is not the purpose of settling the record to introduce evidence that was not introduced at trial. *Tackett v. First Sav. of Ark.*, 306 Ark. 15, 810 S.W.2d 927 (1991) (discussing Ark. R. App. P. 6(e), the predecessor to our current Ark. R. App. P. – Civil 6(e)). *Accordingly, we remand to the circuit court for it to determine whether this evidence was before the court prior to entry of the final order, so that the supplementation of the record would constitute a correction of an omission by error or accident or misstatement.*

*Rameriz v. State,* CACR 04-212 unpub. opin. June 30, 2004 (emphasis supplied). We thus made it clear that we would allow the record to be supplemented only if the trial court should find that this information was presented to the court prior to the entry of judgment.

On November 1, 2004, the trial court settled the record by an order stating that the "evidence that appellant was

---

[1] As the appellate court, it is our function to pass judgment on the merits of the issue, and we are not bound by the State's conclusion that error occurred. *Burrell v. State,* 65 Ark. App. 272, 986 S.W.2d 141 (1999). The proper administration of the law cannot be left merely to the stipulation of the parties. *Id.*

released on parole on October 13, 2000, was not before the court prior to entry of the final order." We are thus compelled to deny appellant's motion to supplement the record to include the date of release. As we expressed in the *per curiam,* settling the record is not a device to be used to supplement the record to include evidence that was not properly or timely presented to the trial court.

██ It is well settled that the appellant bears the burden of producing a record that demonstrates error. *Miles v. State,* 350 Ark. 243, 85 S.W.2d 907 (2002). As there is no evidence in the record that shows when appellant was released from prison, appellant has failed in his burden of demonstrating error, and thus we affirm. We do so reluctantly, but we cannot go outside the record to determine issues on appeal. *Coulter v. State,* 343 Ark. 22, 31 S.W.3d 826 (2000). Appellant may seek relief pursuant to Ark. R. Crim. P. 37.1(b).

Affirmed.

PITTMAN, C.J., and BAKER, J., agree.