
# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–916

| | | |
|---|---|---|
| MICHAEL TODD | APPELLANT | **Opinion Delivered** April 13, 2016 |
| V. | | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR-2009-74 and CR-2009-75] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE DUNCAN CULPEPPER, JUDGE |
| | | AFFIRMED |

## RITA W. GRUBER, Judge

Michael Todd appeals the sentences that the Circuit Court of Hempstead County imposed on him after it revoked his suspended imposition of sentence (SIS) in two criminal cases. He contends, as he did at the revocation hearing, that it was error for the circuit court (1) to run the sentences consecutively rather than concurrently and (2) to sentence him without evidence of the date on which the SIS began in the underlying cases. He also argues on appeal that his original sentences were facially illegal pursuant to Ark. Code Ann. § 5-4-301(a)(2)(A) (Supp. 2009). *See State v. Webb*, 373 Ark. 65, 69, 281 S.W.3d 273, 276 (2008) (noting that a void or illegal sentence is an issue of subject–matter jurisdiction, which cannot be waived by the parties and may be addressed for the first time on appeal). We affirm.

In case number CR-2009-74, Todd was charged as a habitual offender with ten Class C felonies—nine counts of fraudulent use of a credit card or debit card, and one count of theft by receiving. In case number CR-2009-75, he was charged as a habitual offender with Class

SLIP OPINION

D felony breaking or entering and Class C felony theft of property, and was also charged with two Class A misdemeanors—theft of property and fraudulent use of a credit card or debit card. He pleaded no contest to all charges and on May 28, 2009, was sentenced on each felony to concurrent terms of eight years' imprisonment in the Arkansas Department of Correction (ADC) to be followed by seven years' SIS. Conditions of the SIS required that Todd obey all federal and state laws.

On June 4, 2014, the State filed its petition to revoke his SIS in both cases, alleging that Todd had violated conditions by committing the crime of forgery in Howard County—for which he had been convicted—and the crimes of commercial burglary, breaking or entering, and theft of property in Hempstead County. At a June 9, 2014 revocation hearing, the circuit court found the allegations in the revocation petition to be true. Todd objected to sentencing without proof of his release from the ADC. The circuit court took the matter under advisement. On June 11, 2014, the State filed a motion to reopen the record for supplemental proof. In a previous opinion, we recounted the proceedings that took place when the revocation hearing resumed:

> On June 16, 2014, the circuit court granted the State's motion to reopen record for supplemental proof. The State entered a certified copy of the PEN pack, and the circuit court found that appellant had five years remaining on his suspended sentence.
>
> Based upon that finding, appellant was sentenced, in CR–2009–74, to ten sixty-month sentences to run consecutive to each other and consecutive with the Howard County case and the other Hempstead County cases. In CR–2009–75, the circuit court sentenced appellant to two sixty-month sentences to run consecutive to each other and consecutive with CR–2009–74 and consecutive with the Howard County case and the other Hempstead County cases for a total, in both cases, of sixty years in the ADC. Sentencing orders were filed on June 26, 2014, and amended sentencing orders were filed on July 8, 2014.

*Todd v. State*, 2015 Ark. App. 356, at 2–3, 465 S.W.3d 435, 436.[1]

Todd now argues in his first point that at the time of his revocation sentencing, the circuit court lacked jurisdiction "to change, modify, alter, or amend the judgment from concurrent to consecutive." *See Burks v. State*, 2009 Ark. 598 at 4 n.2, 359 S.W.3d 402, 406 (noting that a circuit court may not modify a valid sentence once execution of the sentence has begun); *Lambert v. State*, 286 Ark. 408, 409, 692 S.W.2d 238, 239 (1985) (stating the general rule that if the original sentence is illegal, even though partially executed, the sentencing court may correct it). He also argues that his original sentencing of seven years' SIS was illegal on its face under Ark. Code Ann. § 5-4-301(a)(2)(A), which prohibits suspending imposition of sentence if the defendant has previously been convicted of two or more felonies.

Because sentencing is entirely a matter of statute in Arkansas, no sentence is to be imposed other than as statutorily prescribed. Ark. Code Ann. § 5-4-104 (Supp. 2009); *e.g.*, *Esry v. State*, 2014 Ark. 539, at 4, 453 S.W.3d 144, 146 (per curiam). A sentence within the limits set by statute is a legal sentence, and a void or illegal sentence is one exceeding the statutory parameters for the convicted defendant's offense. *Id.*

Todd argues that in May 2009 the trial court did not have authority to sentence him to a suspended sentence because, as a habitual offender, he was not entitled to a suspended

---

[1]We dismissed Todd's first appeal on finding that his notice of appeal was flagrantly deficient and ineffective and that we lacked jurisdiction because of the ineffective notice of appeal. *Id.* at 6, 465 S.W.3d 435, 436–38. The present appeal follows our supreme court's granting Todd's motion for belated appeal. *Todd v. State*, 2015 Ark. 452, at 2 (per curiam).

SLIP OPINION

sentence under Ark. Code Ann. § 5-4-301(a)(2)(A). He concludes, therefore, that the original sentence imposed in May 2009 was illegal. We disagree.

A previous case, *Chadwell v. State*, 80 Ark. App. 133, 91 S.W.3d 530 (2002), presented a similar argument that the original sentence was illegal because, based on the defendant's habitual-offender status, the circuit court lacked authority to suspend a portion of it. The appellant in that case cited language of Ark. Code Ann. § 5-4-104(e)(4) (1987), which later was repealed but used language identical to that now found in Ark. Code Ann. § 5-4-301(a)(2)(A), which governs the present case. Both statutes provide that a circuit court shall not suspend imposition of sentence if it is determined, pursuant to other statutory provisions, that the defendant has previously been convicted of two or more felonies. The *Chadwell* court found that the circuit court, being authorized to sentence the appellant as a habitual offender to a range of ten to twenty years and having imposed a sentence of ten years' imprisonment, did not lack authority to impose an additional ten-year suspended sentence. *Chadwell*, 80 Ark. App. 133, 136, 91 S.W.3d 530, 532. We interpreted the statute to prohibit suspension of a term of imprisonment, but we found that—as long as only a portion was suspended beyond the statutory minimum term—the trial court was free to suspend an additional term in the habitual range. *See Chadwell*, 80 Ark. App., at 136–37, 91 S.W.3d 530, 532; *cf. State v. O'Quinn*, 2013 Ark. 219, 427 S.W.3d 668 (finding a suspension below the habitual minimum term of imprisonment to be illegal).

"The legislature is presumed to be familiar with the appellate courts' interpretation of its statutes, and it can amend a statute if it disagrees with those interpretations; absent such an

4

amendment, the interpretation of the statute remains the law." *Pedraza v. State*, 2015 Ark. App. 205, at 5. Because the General Assembly has not rejected *Chadwell v. State*, *supra*, our interpretation of former section 5-4-104(e)(4) refutes Todd's argument that section 5-4-301(a)(2)(A) prohibits the suspension of any portion of a habitual sentence.

Todd next contends that the State failed to present evidence of the date his suspension began for the purpose of determining the remaining time of suspension. On June 16, 2014, when the revocation hearing reconvened, the State presented its supplemental evidence of Todd's release date from the ADC. The State introduced a "pen pack" showing that Todd was released on June 28, 2012, from the ADC to the supervision of the Texarkana P & P—which governs probation and parole; the State contended that after June 28, 2012, he had just over five years left on each suspended sentence. Todd argues that because the Texarkana unit is part of the ADC, the evidence was insufficient to show that he was "set at liberty" and that his suspensions thus began to run on June 28, 2012. We find that the State sufficiently proved, through documentation, the date that Todd was "set at liberty"—albeit under supervision.

Todd was charged and sentenced as a habitual offender for eleven Class C felonies and one Class D felony, with respective maximum sentences of thirty years and fifteen years. *See* Ark. Code Ann. § 5-4-501(b)(2) (setting forth extended terms of imprisonment for defendants meeting the criteria of section 5-4-501(b)(1)). The circuit court, which had authority in the original sentencing to impose up to eleven consecutive thirty-year terms of imprisonment and one fifteen-year term of imprisonment, imposed only an aggregate term of eight years'

imprisonment to be followed by seven years' SIS.

Pursuant to the plain language of Ark. Code Ann. § 5-4-301(d)(2) and Ark. Code Ann. § 5-4-309(f)(1)(A), the circuit court was authorized at revocation to modify the original order and impose any sentence that originally could have been given. Todd was originally placed on suspension on multiple counts, served concurrently by statute. The circuit court revoked the suspended sentences on all remaining counts, ordering sentences after revocation within the parameters authorized by statute for each of the felony convictions. *See* Ark. Code Ann. § 5-4-401. Furthermore, the trial court was permitted, based on Ark. Code Ann. § 5-4-403(a), to order that multiple sentences of imprisonment for multiple offenses be run consecutively, including those where suspension had been revoked. *See also Cheater v. State*, 2010 Ark. App. 652, at 3 (rejecting Cheater's argument that the circuit court sentenced him to illegal consecutive sentences upon revocation because it had originally ordered concurrent sentences).

For the foregoing reasons, we affirm.

ABRAMSON and VAUGHT, JJ., agree.

*Anthony S. Biddle*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Pamela Rumpz*, Ass't Att'y Gen., for appellee.