

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–15–959

| | |
|---|---|
| MICHAEL TODD | **Opinion Delivered** May 18, 2016 |
| APPELLANT | |
| | APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT [NOS. CR-2009-33-2; CR-2009-34-2; CR-2009-35-2; CR-2009-36-1; CR-2009-37-2; CR-2009-38-2] |
| V. | |
| STATE OF ARKANSAS | |
| APPELLEE | |
| | HONORABLE DUNCAN CULPEPPER, JUDGE |
| | AFFIRMED |

## M. MICHAEL KINARD, Judge

Michael Todd appeals the revocation of his suspended imposition of sentence (SIS) in six cases.[1] He contends that the petition to revoke should have been dismissed and that there were errors in sentencing. We affirm.

In early 2009, appellant was charged in six different cases with a total of nine counts of breaking or entering. Appellant was charged as a habitual offender and faced a maximum of fifteen years' imprisonment on each charge. He entered a negotiated plea to all of the charges in April 2009 and was sentenced on each count to concurrent terms of eight years' imprisonment followed by seven years' SIS.

In February 2014, the State filed a petition to revoke appellant's SIS in all six 2009

---

[1]This appeal returns after being remanded for correction of the record. *Todd v. State*, 2015 Ark. App. 502.

cases. A revocation hearing was held on February 24, 2014. The State alleged that appellant had violated his SIS by committing forgery in Howard County on March 5, 2013, and introduced into evidence a certified copy of his May 29, 2013 conviction for this crime. Appellant moved to dismiss the revocation petition because it was not notarized, but the trial court denied the motion to dismiss and revoked appellant's SIS on all nine breaking-or-entering convictions. The State then introduced evidence of appellant's thirty prior felony convictions. The prosecutor stated that appellant's seven-year suspended sentence began to run when he was released from prison on June 28, 2012, and asked that appellant be sentenced to consecutive terms of sixty-four months' imprisonment on all nine counts. Appellant objected, arguing that there was no evidence as to when he was released from prison and that the sentences should be run concurrently. The court sentenced appellant to nine sixty-four month sentences to run consecutively, for a total of forty-eight years' imprisonment.

Appellant first argues that the trial court should have dismissed the revocation petition because the verification section of the petition was not valid without the signature of a notary. The verification section signed by the deputy prosecutor states the following: "The Petitioner states under oath that he has read the foregoing Amended Petition for Revocation and that the facts stated in the Petition are true, correct and complete to the best of Petitioner's knowledge and belief." Appellant contends that the State violated Arkansas Code Annotated sections 16-45-101 to -103 (Repl. 1999), which govern the procedures for the use of affidavits in various contexts. However, he cites nothing that indicates that an

affidavit is required for a petition to revoke. The State notes that Arkansas Code Annotated section 16-93-308 (Supp. 2015) contains no requirement that a petition to revoke be notarized, verified, or accompanied by an affidavit. Appellant has not provided any convincing authority in support of his argument and has failed to show that the trial court erred.

Appellant next argues that the trial court erred in sentencing him to imprisonment upon revocation because there was no evidence establishing when he had been released from prison. If a court sentences a defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment. Ark. Code Ann. § 5-4-307(c) (Repl. 2013). As the State notes, it alleged below that appellant had been released from prison on June 28, 2012, and it presented evidence that appellant had been accused and convicted of committing forgery in Howard County in 2013. It is well settled that the appellant bears the burden of producing a record that demonstrates error. *Rameriz v. State*, 91 Ark. App. 271, 209 S.W.3d 457 (2005). Appellant presented no evidence to show that he had not been released from prison. Thus, he has failed to demonstrate error. *See Rameriz*, *supra*.

Appellant also contends that the sentences of eight years' imprisonment and seven years' SIS he received upon conviction in 2009 were illegal. He cites Arkansas Code Annotated section 5-4-301(a)(2)(A) (Supp. 2015), which provides that if it is determined pursuant to § 5-4-502 that a defendant has previously been convicted of two or more

felonies, the court shall not suspend imposition of sentence. We recently addressed this same argument in another one of appellant's appeals, *Todd v. State*, 2016 Ark. App. 204. We noted that this statutory language had previously been interpreted to mean that an additional suspended sentence is allowed if the defendant is also sentenced to a term of imprisonment equal to or greater than the statutory minimum. *See Chadwell v. State*, 80 Ark. App. 133, 91 S.W.3d 530 (2002) (holding that the trial court did not lack authority to impose an additional ten-year suspended sentence when Chadwell was also sentenced to ten years' imprisonment, the statutory minimum). When appellant was originally sentenced, the statutory range was not more than fifteen years. Ark. Code Ann. § 5-4-501(b)(2)(E) (Supp. 2015). Thus, his sentence of eight years' imprisonment was above the statutory minimum, and the court did not lack authority to impose an additional suspended sentence.

By ordering that his sentences run consecutively upon revocation, appellant contends that the trial court illegally modified his original concurrent sentences. This argument was also addressed in *Todd*, *supra*. We noted that the plain language of our statutes authorized the trial court at revocation to modify the original order and impose any sentence that originally could have been given. *See* Ark. Code Ann. § 5-4-301(d)(2); Ark. Code Ann. 16-93-308(g)(1). Furthermore, the trial court was permitted, based on Ark. Code Ann. § 5-4-403(a) (Repl. 2013), to order that multiple sentences of imprisonment for multiple offenses be run consecutively, including those where suspension had been revoked. *See also Cheater v. State*, 2010 Ark. App. 652 (rejecting Cheater's argument that the circuit court

SLIP OPINION

SLIP OPINION

sentenced him to illegal consecutive sentences upon revocation because it had originally ordered concurrent sentences).  We affirm appellant's sentences upon revocation.

Affirmed.

VIRDEN and HARRISON, JJ., agree.

*Anthony S. Biddle*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.