RAYMOND R. ABRAMSON, Judge
Douglas Alan Anderson appeals from a Sebastian County Circuit Court order revoking his suspended imposition of sentence (SIS) and sentencing him to fifteen years in the Arkansas Department of Correction (ADC) with another nine years suspended. On appeal, he argues that the revocation was improper because the SIS was an illegal sentence. Specifically, he contends that because he was sentenced as a habitual offender with four or more prior felony convictions, the SIS was not statutorily allowed. We disagree and affirm.
On February 10, 2006, Anderson entered guilty pleas to two counts of theft by receiving, a Class B felony, and three counts of commercial burglary, a Class C felony. For the theft charges, the circuit court sentenced him as a habitual offender to a term of 240 months in the ADC with an additional SIS for 240 months.[1] The information indicated that Anderson had "previously been convicted of four (4) or more felonies[.]" The judgment-and-commitment order reflects that Anderson was sentenced as a habitual offender under Arkansas Code Annotated section 5-4-501(b) [ (1)(A)(ii) (Supp. 2005) ], which authorizes an enhanced sentence if the defendant has been convicted of four or more felonies.
This appeal pertains to an amended petition to revoke Anderson's SIS, which the State filed on July 26, 2017. The petition alleged that since his previous revocation, Anderson had committed the new offenses of residential burglary, aggravated assault, and third-degree domestic battering, and that he had failed to pay his restitution, court costs, and public-defender fee.[2] At *285 the conclusion of the August 24, 2017 hearing on the amended petition, the circuit court found that Anderson had violated the terms and conditions of his SIS based on testimony that he had kicked in the door of a residence and pointed a gun at the man who lived there. The circuit court also found that he had failed to make his court-ordered payments as directed. The circuit court revoked Anderson's SIS and sentenced him to a term of fifteen years in the ADC, with another nine years suspended. Anderson now appeals.
Anderson argues for the first time that because he was a habitual offender the circuit court could not suspend the imposition of any part of his sentence and that the SIS he received in 2006 was therefore illegal. Consequently, he maintains that in 2017 the circuit court lacked the authority to revoke an illegally imposed SIS. See, e.g. , Taylor v. State , 354 Ark. 450, 457, 125 S.W.3d 174, 179 (2003) (holding that a court cannot revoke an SIS that was illegally imposed; the remedy is to remand for resentencing).
It is well settled that we will address an allegation that a sentence is illegal even if it is raised for the first time in an appeal from a revocation. See, e.g. , Harness v. State , 352 Ark. 335, 339, 101 S.W.3d 235, 238 (2003) ; Vanoven v. State , 2011 Ark. App. 46, at 3, 380 S.W.3d 507, 510. When Anderson entered his guilty pleas in 2006, as now, it was illegal for a court to sentence the defendant solely to SIS or probation when the defendant was a habitual offender with two or more prior felony convictions. Ark. Code Ann. § 5-4-301(a)(2)(A)-(B) (Repl. 2006). However, that is not what occurred here. In 2006, the circuit court sentenced Anderson as a habitual offender to a term of 240 months in the ADC and an SIS for 240 months.
We turn now to two cases in which our court has addressed similar arguments regarding an original sentence being illegal because of the defendant's habitual-offender status and the circuit court's lack of authority to suspend a portion of it. In Chadwell v. State , 80 Ark. App. 133, 135-36, 91 S.W.3d 530, 531-32 (2002), Chadwell was sentenced in 1992 as a habitual offender to twenty years' imprisonment with ten years suspended. On appeal from a subsequent revocation of the suspended portion of the sentence, he argued, as Anderson does here, that the SIS was an illegal sentence and that it could not be revoked. Id. Our court disagreed, holding that because the circuit court also sentenced Chadwell to a ten-year prison term, it "did not lack authority" to impose the additional ten-year suspended sentence. Id.
Our court again addressed this issue in 2016. In Todd v. State , 2016 Ark. App. 204, at 4-5, 489 S.W.3d 207, 209, we noted that the General Assembly had never rejected our court's holding in Chadwell -that a circuit court can suspend a portion of a habitual-offender sentence when it also imposes a term of imprisonment. "The legislature is presumed to be familiar with the appellate courts' interpretation of its statutes, and it can amend a statute if it disagrees with those interpretations; absent such an amendment, the interpretation of the statute remains the law." Id. (quoting Pedraza v. State , 2015 Ark. App. 205, at 5, 465 S.W.3d 426, 430 ). Todd was a habitual offender with ten prior felony convictions when he was charged with new crimes in 2009. When he pled nolo contendere *286 to the new charges, the circuit court sentenced him to concurrent terms of eight years' imprisonment to be followed by seven years' SIS. Our court, relying on Chadwell , rejected Todd's argument that the SIS was illegal because he was a habitual offender. Id. at 5, 489 S.W.3d at 209.
Anderson relies most heavily on State v. Joslin , 364 Ark. 545, 222 S.W.3d 168 (2006). However, it is distinguishable from the case at hand. In Joslin , the circuit court placed the appellant on probation for five years without imposing any term of imprisonment, even though Joslin was a habitual offender. Our supreme court held that the probation was illegal under section 5-4-301(a)(2)(B) and reversed and remanded to the circuit court. Id. In that case, the circuit court did not have the authority to sentence Joslin solely to probation because she was a habitual offender. Because she was charged by the State as a habitual offender and she pled guilty to a Class C felony as a habitual offender, she was only eligible for a sentencing range of three to twenty years' imprisonment pursuant to statute. Id. Here, Anderson was sentenced to a term of imprisonment in the ADC before his SIS began, so his reliance on Joslin is misplaced.
Based on our precedent, the circuit court in 2006 was clearly within its authority to impose an SIS following the prison term to which it sentenced Anderson. Accordingly, the same court, in 2017, was also within its authority to revoke Anderson's SIS upon finding that he had violated the terms and conditions of that sentence. Therefore, we affirm.
Affirmed.
Glover and Vaught, JJ., agree.

Anderson was also sentenced to concurrent prison terms of 120 months on each of the commercial burglary counts, but those sentences are not relevant to the issue on appeal.

This court has affirmed the circuit court's previous revocation of Anderson's SIS. See Anderson v. State , 2011 Ark. App. 350, 2011 WL 1795309. The State filed another petition to revoke in case No. CR-05-897 on October 16, 2012, to which Anderson pled no contest on December 18, 2013. The circuit court sentenced Anderson to the ADC for a period of two years, plus an additional nineteen years' SIS which was to run concurrent with his parole-violation sentence; he was given credit for jail time. On February 26, 2014, Anderson was released from the ADC.