WAYMOND M. BROWN, Judge
Appellant appeals from the circuit court's order revoking his suspended imposition of sentence (SIS). On appeal, he argues that the circuit court erred when it revoked his SIS because it lacked subject-matter jurisdiction to do so. We affirm.
An information was filed in case number CR-2007-848 on September 17, 2007, charging appellant with two counts of sexual assault in the second degree, a class B felony; and two counts of sexual indecency with a child, a class D felony. Appellant's signed guilty plea to both counts of sexual assault in the second degree and one count of sexual indecency with a child was filed on March 10, 2008.[1] ,[2] He faced five to twenty years' imprisonment on each of the sexual assault counts and up to six years' imprisonment on the sexual-indecency count. Also on March 10, 2008, the circuit court entered a judgment and commitment order sentencing appellant to sixty-six months' imprisonment in the Arkansas Department of Correction (ADC) with an additional sixty months' SIS on each of *132 the sexual-assault counts[3] and seventy-two months' SIS on the sexual-indecency count.[4]
An information was filed in case number CR-2014-467 on May 21, 2014, charging appellant with one count of sex offender failure or refusal to provide information. Appellant pled guilty, signing a statement to that effect on May 25, 2014. He faced three to ten years' imprisonment. A sentencing order was entered on May 27, 2014, sentencing appellant to seventy-five days in the county jail. On August 22, 2017, appellee filed a petition to revoke appellant's SIS in case number CR-2014-467, for the following reasons:
[Appellant] has failed to live a law-abiding life by committing the offense of Sex Offender Failing to Comply with Registration Requirements on May 10, 2016; committed the offense of Rape on October 22, 2016; and, committed the offense of Intimidating a Witness on April 4, 2017. All of these charges occurred in Mississippi County, Arkansas. [Appellant] has failed to support his legal dependents and owes outstanding child support in Mississippi County; and, has failed to pay court costs to the Craighead County Sheriff's Office with a balance of $256.00.
Appellee filed an amended petition to revoke on December 6, 2017, asserting the same above-referenced allegations for revocation in case number CR-2007-848. Additionally, appellee asserted that appellant's "parole was flattened on May 31, 2013."
A hearing was held on January 4, 2018. The circuit court entered an order of probation or suspending imposition of sentence, or judgment and commitment on the same date, stating that appellant was found guilty by the circuit court of the following SIS violations, for which it gave him the following sentences:
(a) sex offender failure or refusal to provide information-a violation in CR-2014-467-for which he was sentenced to 108 months' imprisonment in the ADC, to run concurrent to the other charges;
(b) one count of sexual assault in the second degree-a violation in CR-2007-848-for which he was sentenced to 174 months' imprisonment in the ADC, 174 months of which imposition of sentence was suspended;
(c) a second count of sexual assault in the second degree-a violation in CR-2007-848-for which he was sentenced to 72 months' imprisonment; and
(d) sexual indecency with a child-a violation in CR-2007-848-for which no sentence was given.
The sentences on the two sexual-assault counts were ordered to run consecutive to one another for a total of 246 months in the ADC, and the sentence on the sexual-offender failure-or-refusal-to-provide-information charge was ordered to run concurrent to the two sexual assault counts. In the circuit court's January 5, 2018 sentencing order, appellant was sentenced to 108 months' imprisonment in the ADC on the sexual-offender-failure-or-refusal to-provide-information charge. This timely appeal followed.
A trial court may revoke a defendant's suspension at any time prior to the expiration of the period of suspension if it finds by a preponderance of the evidence that the defendant has inexcusably *133 failed to comply with a condition of his suspension.[5] When a trial court revokes a sentence of suspension or probation, it may impose any sentence that might have been imposed originally for the offense of which he was found guilty-provided that any sentence of imprisonment, when combined with any previous imprisonment imposed for the same offense, shall not exceed the applicable statutory sentencing limits.[6] This court will not reverse the trial court's decision to revoke unless it is clearly against the preponderance of the evidence.[7]
Appellant's sole argument on appeal is that the circuit court erred when it revoked his SIS because it lacked subject matter jurisdiction to do so; he argues specifically that appellee failed to prove his SIS period had not yet expired at the time of the revocation petition. Appellant asserts that jurisdiction is an element of the crime of violation of SIS and so the appellee bears the burden of proving jurisdiction. In response, appellee relies on Rameriz v. State[8] in arguing that we should affirm because appellant failed to produce a record demonstrating error-which is his burden-where he failed to provide evidence of his release date, upon which his argument relies.
The issue of an illegal sentence cannot be waived by the parties and may be addressed for the first time on appeal.[9] If a court sentences a defendant to a term of imprisonment and suspends imposition of sentence as to an additional term of imprisonment, the period of the suspension commences to run on the day the defendant is lawfully set at liberty from the imprisonment.[10] It is well settled-as appellee notes-that the appellant bears the burden of producing a record that demonstrates error.[11]
In Rameriz , Rameriz's SIS was revoked, and he was sentenced to a prison term of three years with an additional three years' SIS for a second-degree escape conviction. On appeal, Rameriz argued to the circuit court his SIS had expired by the time the revocation hearing was held. Noting "probable merit" to the argument, this court held that it could not consider the argument due to an incomplete record.[12] Rameriz referenced a "supplemental record" to show that his SIS ended on October 13, 2003, a month prior to the November 12, 2003 revocation hearing. However, on remand, the circuit court stated that the document in the "supplemental record" had not been before it. Accordingly, because there was no evidence before the circuit court showing Rameriz's release date and because this court denied Rameriz's motion to supplement the record-the denied document being what Rameriz relied on-this court affirmed the matter *134 because Rameriz had failed in his burden of demonstrating error.[13]
As in Rameriz , there is nothing before this court showing appellant's release date on his initial charge. Unlike in Rameriz , appellant has not even moved to supplement any document showing his release date as purportedly before the circuit court but missing from the record. With no evidence of his date of release, there is no evidence of error.
Affirmed.
Gruber, C.J., and Gladwin, J., agree.

Appellant was also ordered to register as a sex offender.

An order of nolle prosequi was entered on the second sexual-indecency count on the same date.

The circuit court's order stated that the two sexual assault counts were to run concurrent to one another.

The order noted that appellant was on parole at the time of the convictions.

Reyes v. State , 2015 Ark. App. 55, at 2, 454 S.W.3d 279, 280 (citing Ark. Code Ann. § 16-93-308(d) (Supp. 2013) ).

Easley v. State , 2017 Ark. App. 317, at 3-4, 524 S.W.3d 412, 414 (citing Ark. Code Ann. § 16-93-308(g)(1) (Supp. 2015) ).

Reyes , supra (citing Owens v. State , 2009 Ark. App. 876, at 6, 372 S.W.3d 415, 419 ).

91 Ark. App. 271, 277, 209 S.W.3d 457, 461 (2005).

Von Holt v. State , 2017 Ark. App. 314, at 6, 524 S.W.3d 19, 23 (quoting Valencia v. State , 2016 Ark. App. 176, at 6, 2016 WL 1039595 (citing Reyes, supra ) ).

Todd v. State , 2016 Ark. App. 270, at 3, 493 S.W.3d 350, 352 (citing Ark. Code Ann. § 5-4-307(c) (Repl. 2013) ).

Id. (citing Rameriz v. State , 91 Ark. App. 271, 209 S.W.3d 457 (2005) ).

Rameriz , 91 Ark. App. at 275, 209 S.W.3d at 460.

Id. , at 277, 209 S.W.3d at 461.