Cite as 2023 Ark. 121

# SUPREME COURT OF ARKANSAS
No. CR-22-693

| | | |
|---|---|---|
| MICHAEL J. TODD | | **Opinion Delivered:** September 21, 2023 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE HEMPSTEAD COUNTY CIRCUIT COURT |
| V. | | [NOS. 29CR-09-33, 29CR-09-34, 29CR-09-35, 29CR-09-36, 29CR-09-37, 29CR-09-38, 29CR-09-74, 29CR-09-75] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DUNCAN CULPEPPER, JUDGE |
| | | <u>AFFIRMED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Michael J. Todd appeals from the denial of his petition to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). In his petition, Todd alleged that consecutive sentences imposed upon revocation of suspended sentences in eight separate cases are illegal. Todd alleged in his petition that (1) the circuit court did not have the jurisdiction to impose suspended sentences originally because he was sentenced as an habitual offender, which precluded the imposition of suspended sentences; (2) the sentences imposed upon revocation violated the original plea agreement; (3) the revocation proceedings violated the prohibition against double jeopardy; (4) the circuit court did not have the authority to modify the original sentences from concurrent to consecutive; and (5) the consecutive suspended sentences are illegal under Arkansas statute. The circuit court

denied and dismissed the petition because Rule 37.1 of the Arkansas Rules of Criminal Procedure had superseded it, and his petition was untimely. We affirm.

I. *Background*

In May 2009, Todd entered a plea of no contest in two separate cases[1] in Hempstead County.[2] In the first case, Todd was charged as an habitual offender with ten felonies that included nine counts of fraudulent use of a credit card and one count of theft by receiving. In the second case, Todd was charged with breaking or entering, felony theft of property, and fraudulent use of a credit card. He was sentenced on each felony count in both cases to concurrent terms of eight years' imprisonment in the Arkansas Department of Correction (ADC) to be followed by seven years' suspended sentences.[3]

On June 4, 2014, the State filed a petition to revoke Todd's suspended sentences in these cases, alleging that in 2013, Todd had violated conditions of his suspension when he was convicted of committing the crime of forgery in Howard County and was also convicted of the crimes of commercial burglary, breaking or entering, and theft of property in Hempstead County.[4] On this basis, the circuit court revoked Todd's suspended sentences and imposed ten 60-month sentences for ten counts of fraudulent use of a credit card and

---

[1]The docket numbers of these cases are 29CR-09-74 and 29CR-09-75.

[2]*Todd v. State*, 2016 Ark. App. 204, at 2, 489 S.W.3d 207, 208 (*Todd I*).

[3]*Id.*

[4]*Id.*

2

60-month sentences each for one count of breaking or entering and one count of theft of property. The sentences were imposed to run consecutively for an aggregate sentence of sixty years', or 720 months', imprisonment. This aggregate sentence was imposed to run consecutively to the six cases addressed below, for which suspended sentences, imposed for multiple felonies, were also revoked.

In 2009, Todd was also charged in Hempstead County in six different cases[5] that included nine felony counts of breaking or entering.[6] Todd was charged as an habitual offender and faced a maximum of fifteen years' imprisonment on each felony charge.[7] He entered a negotiated plea to the charges and was sentenced to concurrent terms of eight years' imprisonment followed by seven years' suspended imposition of sentences.[8] Todd was released early in June 2012, and in February 2014, the State filed a petition to revoke Todd's suspended sentences.[9] The State alleged that Todd had violated his suspended sentences by committing additional felony offenses.[10] On this basis, the court again revoked the

---

[5]The six docket numbers are 29CR-09-33, 29CR-09-34, 29CR-09-35, 29CR-09-36, 29CR-09-37, and 29CR-09-38.

[6]*Todd v. State*, 2016 Ark. App. 270, at 1, 493 S.W.3d 350, 351 (*Todd II*).

[7]*Id.*

[8]*Id.*

[9]*Id.* at 1–2, 493 S.W.3d at 351.

[10]*Id.*

suspended sentences, and Todd was sentenced to nine 64-month sentences imposed consecutively for a total of forty-eight years', or 576 months', imprisonment.[11]

Todd appealed both revocations to the Arkansas Court of Appeals. In both appeals, Todd argued, among other things, that the circuit court lacked jurisdiction to change or modify the sentencing orders[12] from concurrent to consecutive sentences and that the original suspended sentences were illegal because he was convicted as an habitual offender, and suspended sentences are prohibited for habitual offenders in accordance with Arkansas Code Annotated section 5-4-301(a)(2)(A) (Repl. 2006).[13] The court of appeals rejected Todd's arguments and affirmed both revocations and the consecutive sentences imposed by the circuit court. The court of appeals considered and rejected Todd's claim that the original suspended sentences were illegal because he had been convicted as an habitual offender, which precluded the imposition of suspended sentences for the offenses. The court of appeals found that the circuit court had the authority to suspend a sentence of an habitual offender as long as the suspended sentence is imposed for a portion of the sentence that was

---

[11]*Id.* at 2, 493 S.W.3d at 351–52.

[12]The 2014 sentencing orders in the record, which revoked and resentenced Todd, reflect that the crimes for which Todd was originally convicted were committed in December 2008. Sentencing shall be in accordance with the statute in effect at the time of the commission of the crime. *Wilson v. State*, 2022 Ark. 108, at 3.

[13]*See Todd II*, 2016 Ark. App. 270, at 3–5, 493 S.W.3d at 352–53; *Todd I*, 2016 Ark. App. 204, at 3, 489 S.W.3d at 208–09.

beyond the minimum statutory term for the crimes.[14]  Todd's suspended sentences for each

offense were imposed beyond the minimum term for Class C and Class D felonies.[15]

The court of appeals also rejected Todd's argument that the circuit court did not have

authority to modify his sentences from concurrent to consecutive.  The court of appeals

explained that Arkansas Code Annotated sections 5-4-301(d)(2) (Repl. 2006) and 5-4-

309(f)(1)(A) (Repl. 2006) authorized the circuit court at revocation to modify the original

sentence and impose any sentence that originally could have been given.[16]

## II.  *Standard of Review*

Under our standard of review, the circuit court's decision to deny relief under

Arkansas Code Annotated section 16-90-111 will not be overturned unless that decision is

clearly erroneous.[17]  A finding is clearly erroneous when, although there is evidence to

support it, the appellate court, after reviewing the entire evidence, is left with the definite

and firm conviction that a mistake has been made.[18]

---

[14]*See Todd II*, 2016 Ark. App. 270, at 4, 493 S.W.3d at 352; *Todd I*, 2016 Ark. App. 204, at 4, 489 S.W.3d at 209.

[15]*See* Ark. Code Ann. § 5-4-501(b)(2)(D)–(E) (Supp. 2007).

[16]*Todd II*, 2016 Ark. App. 270, at 4, 493 S.W.3d at 353; *Todd I*, 2016 Ark. App. 204, at 6, 489 S.W.3d at 210.

[17]*Green v. State*, 2021 Ark. 19, at 2, 615 S.W.3d 389, 391.

[18]*Id.* at 2–3, 615 S.W.3d at 391–92.

### III. *Illegal Sentence*

The statute governing motions to correct or reduce a sentence provides authority to a circuit court to correct an illegal sentence at any time.[19] An illegal sentence is one that is illegal on its face.[20] A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction.[21] Sentencing is entirely a matter of statute in Arkansas.[22] When a petitioner seeks relief under the statute governing motions to correct or reduce a sentence, he bears the burden of demonstrating that his sentence was illegal.[23] A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and generally, a sentence imposed within the maximum term prescribed by law is not illegal on its face.[24]

Arkansas Rule of Criminal Procedure 37.2(c) superseded the time limitations on petitions alleging an illegal sentence.[25] Rule 37.2(c) required Todd to file a Rule 37.1 petition challenging the revocation of his suspended sentences within sixty days of the

---

[19]Ark. Code Ann. § 16-90-111(a).

[20]E.g., *Rainer v. State*, 2022 Ark. 159, at 3, 651 S.W.3d 713, 716.

[21]*Id.*

[22]*Id.* at 3–4, 651 S.W.3d at 716.

[23]*Id.* at 4, 651 S.W.3d at 716.

[24]*Id.*

[25]*Green*, 2021 Ark. 19, at 3, 615 S.W.3d at 392.

6

issuances of the Arkansas Court of Appeals' mandates in May and July 2016. However, Todd filed his petition to correct an illegal sentence in February 2020, almost four years later.

IV. *Claims for Relief*

Todd reasserts the claims on appeal that were raised in his petition to the circuit court. However, Todd adds two claims that are raised for the first time on appeal: (1) that there was no arrest warrant in connection with the revocation of his suspended sentences and (2) that the sentences were imposed *ex post facto*. This court, however, will not address arguments that are raised for the first time on appeal.[26]

Todd's claim that the revocation represents a breach of the original plea agreement amounts to an allegation of an illegal sentence and, therefore, should have been raised in a timely petition filed pursuant to Rule 37.1.[27] Likewise, Todd's double-jeopardy claim is a claim that the sentences were illegal and should also have been raised during the revocation hearing or in a timely petition filed pursuant to Rule 37.1.[28]

Next, as set out above, the court of appeals already addressed Todd's assertions that the sentences are illegal because the circuit court lacked jurisdiction to enter the suspended

---

[26]*E.g.*, *Break v. State*, 2022 Ark. 219, at 5, 655 S.W.3d 303, 308.

[27]*See Malone v. State*, 2016 Ark. 379, at 3, 501 S.W.3d 807, 809–10 (per curiam).

[28]*Wesley v. State*, 2019 Ark. 270, at 4–5, 585 S.W.3d 156, 160.

sentences in the original sentencing order and lacked jurisdiction to modify the suspended sentences by imposing consecutive sentences upon revocation. Issues that are raised and settled on direct appeal cannot be reargued in postconviction proceedings.[29]

With respect to Todd's claim that the circuit court did not have jurisdiction to impose his suspended sentences consecutively, the decision to impose sentences concurrently or consecutively is wholly within the province of the circuit court.[30] Furthermore, Todd's contention that the circuit court did not have the authority pursuant to Arkansas Code Annotated section 5-4-307(b) to run his suspended sentences consecutively is unavailing. Under this statute, the circuit court "is not authorized to run a suspended sentence consecutively to a term of imprisonment that was imposed for a *different* charge."[31] In Todd's case, however, the circuit court ran the suspended sentences as a portion of the terms of imprisonment imposed for the same charges, and both the prison sentences and suspended sentences were originally imposed to run concurrently.

When imposing sentences for offenses where suspension or probation is revoked, it is within the circuit court's discretion to order the sentences to run consecutively or concurrently.[32] Todd was released early from prison in June 2012 and subsequently

---

[29]*Roberts v. State*, 2020 Ark. 45, at 14, 592 S.W.3d 675, 684.

[30]*Fischer v. Payne*, 2022 Ark. 105, at 2.
[31]*Willingham v. State*, 2021 Ark. 177, at 6, 631 S.W.3d 558, 562–63 (emphasis added).

[32]*See* Ark. Code Ann. 5-4-403(a) (Repl. 2006); *Walton v. State*, 2013 Ark. 265, at 3 (per curiam).

committed additional crimes in 2013.[33] At the time of his release, he had just over five years left on the suspended sentences.[34] The circuit court had jurisdiction to revoke the suspended sentences in those cases where the terms had not elapsed.

Todd was convicted as an habitual offender under section 5-4-501(b) of multiple counts of breaking or entering, which are Class D felonies, and he was also convicted as an habitual offender of multiple counts of fraudulent use of a credit card, theft of property, and theft by receiving, which are Class C felonies. The maximum term for an habitual offender who commits a Class D felony is fifteen years' imprisonment. Therefore, Todd's sentences of consecutive terms of sixty months' imprisonment for each Class D offense are legal sentences. Moreover, the maximum penalty for an habitual offender who commits a Class C felony is thirty years' imprisonment. Todd's sentences of consecutive terms of sixty-four months' imprisonment for each Class C felony offense do not exceed the maximum penalty and, thus, are legal sentences. Accordingly, the circuit court did not clearly err when it denied and dismissed Todd's petition to correct illegal sentences.

Affirmed.

*Michael J. Todd*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[33]*See Todd II*, 2016 Ark. App. 270, at 3, 493 S.W.3d 350, 352.

[34]*Todd I*, 2016 Ark. App. 204, at 3, 489 S.W.3d at 208.

9