

# SUPREME COURT OF ARKANSAS

**No.** CV–17–329

| | |
|---|---|
| DUANE GONDER<br><br>APPELLANT<br><br>V.<br><br>WENDY KELLEY, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION<br><br>APPELLEE | **Opinion Delivered** August 3, 2017<br><br>PRO SE APPEAL FROM THE LINCOLN COUNTY CIRCUIT COURT AND MOTIONS FOR MANDATORY REVIEW OF JUDICIAL NOTICE OF ADJUDICATIVE FACTS PURSUANT TO RULE 201 OF THE ARKANSAS RULES OF EVIDENCE, FOR APPOINTMENT OF COUNSEL, AND TO STRIKE GRANT OF APPELLEE'S MOTION FOR EXTENSION OF BRIEF TIME [NO. 40CV-16-136]<br><br>HONORABLE JODI RAINES DENNIS, JUDGE<br><br><u>AFFIRMED; MOTIONS MOOT.</u> |

**SHAWN A. WOMACK, Associate Justice**

Appellant Duane Gonder brings this appeal from the denial by the Lincoln County Circuit Court on March 10, 2017, of his pro se motion pursuant to Rule 60 of the Arkansas Rules of Civil Procedure (2016) and the denial of his pro se motion for judicial notice of adjudicative facts under Rule 201 of the Arkansas Rules of Evidence. Both motions sought reconsideration of Gonder's petition for writ of habeas corpus that had been dismissed by the circuit court on January 19, 2017.[1] Pending our review of his case, Gonder additionally

---

[1]The notice of appeal in this case was timely only as to the order that was entered March 10, 2017. Therefore, this appeal is taken from the order that denied Gonder's motions seeking reconsideration of the habeas petition.

filed a motion to have counsel appointed as well as another motion for judicial notice of adjudicative facts in this court. We affirm the circuit court order. Accordingly, Gonder's motions filed in this appeal are moot.

The habeas petition and motions pertained to Gonder's guilty plea in 2010 to the offense of attempting to furnish prohibited articles into a correctional facility. Gonder argues on appeal that his habeas petition should have been granted because the judgment-and-commitment order states that he had been convicted of attempted furnishing of a prohibited article but the trial court pronounced at sentencing that he was guilty of furnishing a prohibited article rather than attempting to do so, that he was not guilty of the offense, and that he was denied a hearing on the habeas petition. He further argues, without reference to either Rule 60 or Rule 201, that the circuit court erred by not granting his habeas petition.

A circuit court's decision in a habeas proceeding will be upheld unless it is clearly erroneous. *See Hobbs v. Gordon*, 2014 Ark. 225, at 5, 434 S.W.3d 364, 367. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### 1. *Conflict between sentence pronounced and judgment entered*

The judgment that is entered governs the sentenced imposed on the defendant. *See Bradford v. State*, 351 Ark. 394, 94 S.W.3d 904 (2003). To the extent that Gonder argued in the Rule 60 motion, as he did in his habeas petition and does in this appeal, that the judgment



in his case was facially illegal because it did not reflect that he had entered a plea of guilty to *attempted* furnishing of a prohibited article, the copy of the judgment in the record reflects that Gonder was indeed convicted of the offense of attempting to furnish a prohibited article. Accordingly, there was no error in the judgment.

*2. Actual innocence as a ground for relief in habeas proceeding*

Gonder asserted in both the Rule 60 motion and the motion for judicial notice that the writ of habeas corpus should have been issued because he was innocent of the offense and the evidence against him was insufficient to sustain the judgment. In his motion asking the court to take judicial notice of adjudicative facts, he cited *Laster v. State*, 76 Ark. App. 324, 64 S.W.3d 800 (2002), as support for his allegation that he was not guilty of the offense of which he was convicted. In *Laster*, a prison inmate's conviction for introduction of a prohibited article into a place of incarceration was overturned on appeal because the prisoner had the prohibited article in his possession but there was insufficient proof to establish that he *introduced* the article into the institution.

Gonder's reliance on *Laster* was a direct attack on the sufficiency of the evidence to sustain the judgment in his case. Proceedings for the writ are not intended to require an extensive review of the record of the trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Philyaw v. Kelley*, 2015 Ark. 465, 477 S.W.3d 503. For that reason, arguments pertaining to whether the evidence was sufficient to sustain the judgment are not cognizable in a habeas



proceeding.[2]

### 3. Failure to hold hearing in habeas proceeding

There is no requirement that a hearing be held on every habeas petition regardless of the content of the petition. *George v. State*, 285 Ark. 84, 85, 685 S.W.2d 141, 142 (1985). Because Gonder has not established that his motions seeking reconsideration of his habeas petition had merit, he has not established that the circuit court was obligated to conduct a hearing on his habeas petition.

### 4. Arkansas Rule of Civil Procedure 60 and Arkansas Rule of Evidence 201

Rule 60(a) allows a party to an action to file a motion for the court to modify or vacate a judgment, order, or decree in a civil action to correct errors or mistakes or to prevent the miscarriage of justice. *See State v. Rowe*, 374 Ark. 19, 285 S.W.3d 614 (2008). The motion must be filed within ninety days of the date the judgment, order, or decree had been entered, unless the error was a clerical error that may be corrected at any time under Rule 60(b). *See id.* A true clerical error is "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)." *Francis v. Protective Life Ins. Co.*, 371 Ark. 285, 293, 265 S.W.3d 117, 123 (2007).

---

[2]A writ of habeas corpus is proper when a judgment of conviction is invalid on its face or when a circuit court lacks jurisdiction over the cause. *Philyaw*, 2015 Ark. 465, 477 S.W.3d 503. Unless the petitioner in proceedings for a writ of habeas corpus can show that the trial court lacked jurisdiction or that the commitment was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

In his Rule 60 motion, Gonder asked for relief to prevent a miscarriage of justice caused by his mistake and excusable neglect for failing to provide a full trial court transcript for the circuit court to consider when it ruled on his petition for writ of habeas corpus. He further contended that the circuit court may have misconstrued the ground in his habeas petition in which he argued that the judgment for attempted furnishing of a prohibited article was facially invalid because the statute defining that offense did not "support the criminal charge." With respect to invoking Rule 201 of the Rules of Evidence which provides that a court may take judicial notice of facts, Gonder asked the court to take judicial notice of the statutes that govern the granting of a petition for writ of habeas corpus. He did not demonstrate that either rule required the circuit court to grant reconsideration of his habeas petition. We therefore affirm the circuit court's order.

Affirmed; motions moot.

*Duane Gonder*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Kathryn Henry*, Ass't Att'y Gen., for appellee.