Cite as 2018 Ark. 373

# SUPREME COURT OF ARKANSAS.

No. CV-18-405

| | |
|---|---|
| JAMES E. WHITNEY<br>APPELLANT<br><br>V.<br><br>JAMES CRUCE, DONALD COMPTON,<br>CLAUDIA M. HARRIS, KEITH<br>WADDLE, RANDALL WATSON,<br>RAYMOND NAYLOR, AND WENDY<br>KELLEY, DIRECTOR, ARKANSAS<br>DEPARTMENT OF CORRECTION<br>APPELLEES | Opinion Delivered December 20, 2018<br><br>PRO SE NOTICE AND ADVISEMENT<br>(MOTION TO FILE NONCONFORMING<br>BRIEF)<br>[LINCOLN COUNTY CIRCUIT COURT,<br>NO. 40CV-17-117]<br><br><br>APPEAL DISMISSED; MOTION MOOT. |

**JOHN DAN KEMP, Chief Justice**

Appellant James E. Whitney appeals the circuit court's denial of his motion for reconsideration of an order that set a partial filing fee of twenty dollars with respect to Whitney's pro se civil complaint in tort against seven persons. Now before us is Whitney's motion, entitled "Notice and Advisement," in which he seeks leave to file a brief on appeal that does not conform to the rules of this court. Because we find that it is clear from the record that the circuit court did not err when it denied the motion for reconsideration, we dismiss the appeal. The motion to file a nonconforming brief is moot.

The order setting the initial filing fee was entered on October 24, 2017. Whitney did not file his request for reconsideration until March 28, 2018. The circuit court denied the request because it was not timely filed pursuant to Rule 60(a) of the Arkansas Rules of Civil Procedure (2017). Rule 60(a) allows a party to an action to file a motion for the court

to modify or vacate a judgment, order, or decree in a civil action to correct errors or mistakes or to prevent the miscarriage of justice. *Gonder v. Kelley*, 2017 Ark. 239, *reh'g denied* (Sept. 14, 2017). The motion must be filed within ninety days of the date the judgment, order, or decree had been entered, unless the error was a clerical error that may be corrected at any time under Rule 60(b). *Id.* A true clerical error is "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)." *Francis v. Protective Life Ins. Co.*, 371 Ark. 285, 293, 265 S.W.3d 117, 123 (2007).

Whitney did not ask for reconsideration of the October 24, 2017 order until 155 days after the order had been entered. His motion fell under that part of Rule 60 that allows a court to correct or modify an order to prevent a miscarriage of justice. Accordingly, Whitney's motion was untimely, and the circuit court was not wrong to deny it.

Appeal dismissed; motion moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting**. I dissent, as I do not believe this court has jurisdiction over the matter presently before it. This is an appeal from an entirely civil case with relatively simple issues, featuring no element that would invoke this court's jurisdiction. This matter should be before the Arkansas Court of Appeals. *See* Ark. Sup. Ct. R. 1-2.