Cite as 2018 Ark. 404

# SUPREME COURT OF ARKANSAS.

No. CV-18-399

| | |
|---|---|
| JAMES EDWARD WHITNEY<br><div align="right">APPELLANT</div> | Opinion Delivered December 20, 2018 |
| V. | PRO SE NOTICE AND ADVISEMENT (MOTION TO FILE NONCONFORMING BRIEF) |
| JAMES PLUMMER<br><div align="right">APPELLEE</div> | [LINCOLN COUNTY CIRCUIT COURT, NO. 40CV-17-113] |
| | APPEAL DISMISSED; MOTION MOOT. |

ROBIN F. WYNNE, ASSOCIATE JUSTICE

Appellant James Edward Whitney appeals the denial by the circuit court of his motion for reconsideration of an order that set a partial filing fee of $20 with respect to Whitney's pro se civil complaint in tort against James Plummer. Now before us is Whitney's motion entitled "Notice and Advisement" in which he seeks leave to file a brief on appeal that does not conform to the rules of this court. Because it is clear from the record that the circuit court did not err when it denied the motion for reconsideration, we dismiss the appeal. The motion to file a nonconforming brief is moot.

The order setting the initial filing fee was entered on October 24, 2017. Whitney did not file his request for reconsideration until March 28, 2018. The circuit court denied the request because it was not timely filed pursuant to Rule 60(a) of the Arkansas Rules of Civil Procedure (2017). Rule 60(a) allows a party to an action to file a motion for the court

to modify or vacate a judgment, order, or decree in a civil action to correct errors or mistakes or to prevent the miscarriage of justice. *Gonder v. Kelley*, 2017 Ark. 239, *reh'g denied* (Sept. 14, 2017). The motion must be filed within ninety days of the date that the judgment, order, or decree was entered, unless the error was a clerical error that may be corrected at any time under Rule 60(b). *Id.* A true clerical error is "essentially one that arises not from an exercise of the court's judicial discretion but from a mistake on the part of its officers (or perhaps someone else)." *Francis v. Protective Life Ins. Co.*, 371 Ark. 285, 293, 265 S.W.3d 117, 123 (2007).

Whitney did not ask for reconsideration of the October 24, 2017 order until 155 days after the order had been entered. His motion fell under that part of Rule 60 that allows a court to modify or correct an order to prevent a miscarriage of justice. Accordingly, Whitney's motion was untimely, and the circuit court was not wrong to deny it.

Appeal dismissed; motion moot.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting**. I dissent for the reasons set out in my dissenting opinion in *Whitney v. Cruce*, 2018 Ark. 373, ___ S.W.3d ___ (Hart, J. dissenting).