Ronnie L. LASTER *v.* STATE of Arkansas

CA CR 00-250                                     64 S.W.3d 800

Court of Appeals of Arkansas
Division IV
Opinion delivered January 16, 2002

*Dave Wilson Harrod*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

JOHN B. ROBBINS, Judge. Appellant Ronnie Laster was convicted after a bench trial of furnishing a prohibited article, marijuana, by knowingly introducing it into a correctional facility, a Class B felony, as determined by the Izard County Circuit Court. At the time, he was already incarcerated. For this crime he was sentenced to 100 months to be served consecutively to his current sentence. He appeals, arguing that there is insufficient evidence to support the conviction.[1] We agree.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Ferguson v. State*, 343 Ark. 159, 33 S.W.3d 115 (2000); *Terrell v. State*, 342 Ark. 208, 27 S.W.3d 423 (2000). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, direct or circumstantial. *Ferguson v. State, supra; Terrell v. State, supra.* Substantial evidence is evidence that is of sufficient certainty and precision that it compels a conclusion one way or another. *Ferguson v. State, supra; see also Booker v. State*, 335 Ark. 316, 984 S.W.2d 16 (1998). On appeal, this court views the evidence in the light most favorable to the State and sustains a judgment of conviction if there is substantial evidence to support it. *Ferguson v. State, supra; Terrell v. State, supra.*

The facility in which the contraband was introduced was the Calico Rock Unit of the Arkansas Department of Correction, an approximately 600-acre area that contained a sixty-acre fenced, secure area. Appellant was an inmate there, and he had been assigned to the utility squad, which is a work detail on which inmates do maintenance and construction work around the compound. On December 15, 1997, appellant was working outside of the fenced area on the compound, and he was strip-searched upon re-entry at the sally port. The searching officer testified that he assumed that appellant was under the supervision of a guard at all times while working on the utility squad outside the fence on the prison property. As part of that search, appellant removed a paper cup from his pants pocket, and in it was a small piece of cellophane containing a green leafy substance later determined to be .208 grams of marijuana.

Appellant challenged the sufficiency of the evidence at his bench trial by arguing that because he never left the prison grounds,

---

[1] Appellant's counsel initially filed a no-merit brief with us, and in an unpublished opinion we ordered rebriefing for an adversarial presentation of appellant's appeal and denied counsel's motion to withdraw. *Laster v. State*, CACR 00-250 (Ark. App. January 24, 2001).

he could not have "introduced" the marijuana. The trial court rejected that argument, finding that appellant was outside the area of confinement and returned to the area that was used for confining prisoners, bringing with him the contraband. After resting his defense, the motion was renewed and denied. The conviction was entered at the conclusion of the hearing, and appellant appeals to us arguing the same basis for reversal. We agree with his assertion.

A person commits the offense of furnishing a prohibited article if he knowingly introduces a prohibited article into a correctional facility. Ark. Code Ann. § 5-54-119(a)(1) (Repl. 1997). The definition of "a prohibited article" includes a controlled substance. Ark. Code Ann. § 5-54-101(10)(B) (Repl. 1997). "Correctional facility" means any place used for the confinement of persons charged with or convicted of an offense or otherwise confined under a court order. Ark. Code Ann. § 5-54-101(1) (Repl. 1997).

Thus, we must construe the statute. The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary and usually accepted meaning in common language. *Hagar v. State*, 341 Ark. 633, 19 S.W.3d 16 (2000). If the language of the statute is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion to resort to rules of statutory interpretation. *Id.* When we construe penal statutes, they must be strictly construed resolving any doubts in favor of the accused, but such statutes must not be so strictly construed as to defeat an obvious intent of the legislature. *See Puckett v. State*, 328 Ark. 355, 944 S.W.2d 111 (1997). We construe this criminal statute to mean, when using terms in their plain and ordinary usage, that one must "introduce" or *bring into from outside*. This is supported by *Webster's Third New International Dictionary* 1186 (1993), wherein "introduce" is defined first as "to lead, bring, conduct, or usher in especially for the first time." Because appellant remained on the correctional facility compound and under the watchful eye of guards, he was within the correctional facility. That it contains an additional fenced area within its borders does not make the external acreage any less a part of the correctional facility. To hold otherwise would do violence to the strict construction we are obligated to apply.

Where the evidence presented is insufficient to sustain a conviction for a certain crime, but where there is sufficient evidence to sustain a conviction for a lesser-included offense of that crime, this court may reduce the punishment to the maximum for the lesser offense, reduce it to the minimum for the lesser offense,

fix it at some intermediate point, remand the case to the trial court for the assessment of the penalty, or grant a new trial either absolutely or conditionally. *McElhanon v. State,* 329 Ark. 261, 948 S.W.2d 89 (1997); *Tigue v. State,* 319 Ark. 147, 889 S.W.2d 760 (1994); *Dixon v. State,* 260 Ark. 857, 545 S.W.2d 606 (1977). Appellant was undoubtedly guilty of possession of a controlled substance, which is a lesser-included offense of furnishing a prohibited article when that article is a controlled substance. *See Goodwin v. State,* 342 Ark. 161, 27 S.W.3d 397 (2000).

According to Arkansas Code Annotated section 5-64-401(f) (1997):

> When any person is convicted of the unlawful possession of a controlled substance in any state, county, or city criminal detention facility, or any juvenile detention facility, the penalty for the offense shall be increased to the next higher classification of felony or misdemeanor as prescribed by law for the offense.

In light of this provision, appellant's conviction for the lesser-included offense constitutes a Class D felony. *See id.* We modify the judgment of conviction to reflect that appellant is guilty of the lesser-included offense, and we remand for resentencing.

Affirmed as modified and remanded for resentencing.

GRIFFEN and ROAF, JJ., agree.