Tyrell BENSON *v.* STATE of Arkansas

CA CR 03-623                                                      164 S.W.3d 495

Court of Appeals of Arkansas
Division III
Opinion delivered May 5, 2004

*William R. Simpson, Jr.*, Public Defender, and *Lloyd Warford*, Deputy Public Defender; by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant Tyrell Benson was convicted of two counts of committing a terroristic act. Benson was sentenced to thirty years' imprisonment in the Arkansas Department of Correction pursuant to the "three strikes" provision of Ark. Code Ann. § 5-4-501(d)(1) (Repl. 1997). For his sole point on appeal, Benson argues that the trial court erred in denying his motion to dismiss the three-strike enhancement. We affirm.

Benson does not challenge the sufficiency of the evidence to support his convictions. Accordingly, a long recitation of the facts is not necessary. The charges against Benson arose out of an incident in which he fired shots that struck a vehicle occupied by two people on March 29, 2002. On February 19, 2003, a jury convicted Benson of two counts of committing a terroristic act, a Class B felony, and following the jury's recommendation, the trial court sentenced him to thirty years' imprisonment. Benson's sentence was subject to an enhancement pursuant to the "three-strikes" provision of Ark. Code Ann. § 5-4-501(d) (Repl. 1997),[1] based on the fact that he had been convicted the previous month of

---

[1] Under the "three-strikes" enhancement law, Benson's sentencing range for the Class B felony was thirty (30) to sixty (60) years. Under the normal habitual offender statute, the sentencing range for a Class B felony is five (5) to thirty (30) years.

three counts of aggravated robbery in an unrelated case. Before the trial, Benson moved to reduce the number of previous "strikes" from three to one, arguing that although he had been convicted of three counts of aggravated robbery in January 2003, his convictions stemmed from a single criminal act.[2] He argued that the single criminal act should be considered one strike under Ark. Code Ann. § 5-4-501, rather than three. His motion was denied, and Benson appeals.

Arkansas Code Annotated § 5-4-501(d)(1) provides in pertinent part:

> A defendant who is convicted of a felony involving violence enumerated in subdivision (d)(2) of this section and who has previously been convicted of two (2) or more of the felonies involving violence enumerated in subdivision (d)(2) of this section shall be sentenced to an extended term of imprisonment without eligibility except under § 16-93-1302 for parole or community punishment transfer as follows:

> \* \* \*

> For a conviction of a Class B felony or for a conviction of an unclassified felony punishable by life imprisonment, a term of not less than thirty (30) years nor more than sixty (60) years

> \* \* \*

> For the purposes of this subsection, a felony involving violence means ... aggravated robbery [and] ... terroristic act.

██ The first rule of statutory construction is to construe the statute just as it reads, giving the words their ordinary meaning. *Laster v. State*, 76 Ark. App. 324, 64 S.W.3d 800 (2002). If the language is plain and unambiguous, and conveys a clear and definite meaning, then there is no reason to resort to the rules of statutory interpretation. *Id.* Penal statutes are strictly construed,

---

[2] In that case, Benson was convicted of three counts of aggravated robbery for using a firearm while stealing personal property simultaneously from three different victims, and was also sentenced to thirty years. The incident occurred on March 29, 2002, one week prior to the shooting incident involved in the instant case. In an unpublished opinion, this court affirmed the robbery convictions on March 31, 2004. The thirty-year sentence in the instant case is consecutive to the sentence imposed in the January conviction.

and all doubts are resolved in favor of the accused. *Id.* However, penal statutes will not be construed to defeat an obvious intent of the legislature. *Id.*

Benson urges this court to construe Ark. Code Ann. § 5-4-501(d) as requiring the three-strike enhancement for only those defendants who have entered and exited the penitentiary without being rehabilitated. He argues that it was not the legislature's intent to apply the statute to persons who, like himself, have never entered the penitentiary, but who pick up multiple charges from a single criminal episode. For support, Benson notes that before a 1997 amendment, Ark. Code Ann. § 5-4-501 applied only to defendants "who ha[d] previously been convicted on two (2) or more *separate and distinct* prior occasions." (Emphasis added.) Benson argues, moreover, that Ark. Code Ann. § 5-4-501(a) contemplates his circumstance by requiring an enhancement for habitual offenders who have committed more than one, but fewer than four felonies. *See also* Ark. Code Ann. § 5-4-501(b) (Repl. 1997) (requiring a sentencing enhancement for defendants who have committed more than four felonies). Benson argues that under the rules of statutory construction, when viewing sections 5-4-501(a) and (d) side by side, this court should conclude that the three(strike enhancement in subsection (d) applies only to true repeat offenders who enter and exit the penitentiary without rehabilitation.

■■ The language of Ark. Code Ann. § 5-4-501(d) is plain and unambiguous and, thus, should be given its ordinary meaning. Subsection (d) requires a sentence enhancement for defendants who have committed three felonies *involving violence.* On the other hand, subsections (a) and (b) require sentence enhancements for defendants who have committed more than one felony without regard to the nature of the offense. From the statute's plain language, it appears that the legislature's intent was to impose harsher sentence enhancements on those defendants who are convicted of three or more violent felonies. Ark. Code Ann. § 5-4-501(d)(1) (Supp. 2003). Benson's proposed construction of Ark. Code Ann. §§ 5-4-501(a) and (d) is not persuasive because he was convicted of three *violent* felonies. Thus, it does not appear that the distinction between subsections (a), (b), and (d) lies with the number of times the defendant has entered and exited the penitentiary or the number of criminal episodes he has been involved in, but instead hinges on the number of previous violent felony convictions as defined in subsection (d)(2) of the statute.

This construction becomes more apparent when we consider "that the provisions of the Arkansas Habitual Criminal Statute, to which Ark. Code Ann. § 5-4-501(d)(1) is a relatively recent addition, are not deterrent, but punitive in nature." *Beavers v. State*, 345 Ark. 291, 299, 46 S.W.3d 532, 538 (2001). Moreover, the legislature omitted the "separate and distinct" language in the 1997 amendment, which counters Benson's argument that subsection (d)(2) should be construed to require at least two prior, separate convictions.

Benson further relies on *Tackett v. State*, 298 Ark. 20, 766 S.W.2d 410 (1989), for the proposition that it is improper to consider multiple convictions arising from one criminal incident for purposes of enhancing a sentence. In *Tackett, supra*, the appellant struck a vehicle causing it to lose control and crash. One of the passengers was killed instantly. Another passenger was injured and went into a coma. The appellant was charged with manslaughter and leaving the scene of an accident for the death of the first passenger. The second passenger later died, and the appellant was again charged with manslaughter. At the second trial, the trial court permitted the State to use the first manslaughter and leaving-the-scene convictions to enhance the sentence for the appellant's second manslaughter conviction. On appeal, the appellant argued that the trial court erred in allowing the State to use a conviction from the same incident to enhance the second manslaughter conviction. The supreme court agreed that it was improper for the trial court to permit the State to use the convictions arising from the same incident to enhance the sentence for the second manslaughter conviction. The supreme court stated:

> The obvious intent of the Act is to enhance punishment of a party who has a habit of criminal conduct. The manslaughter charge in connection with the death of Nancy House and the charge for leaving the scene of the accident for which Tackett was previously convicted and the manslaughter charge in connection with the death of Denise Barrentine in the case at bar all arose from Tackett's single act of recklessly driving his car into the victim's car. To utilize these prior convictions arising from one single act to enhance punishment pursuant to the Habitual Offender Act contravenes fundamental fairness and due process. Simply put, there is nothing habitual about the commission of a single criminal act resulting in multiple charges and convictions.

*Id.* at 25-26, 766 S.W.2d at 412-13.

However, Benson's case is distinguishable from *Tackett, supra,* in which the State attempted to use a prior conviction from a single criminal act to enhance a conviction arising from the *same* criminal act. In Benson's case, the State did not use convictions from the *same* criminal episode. Rather, it used the three prior convictions stemming from his January 2003 trial for aggravated robbery to enhance his sentence in an *unrelated* terroristic threatening case. The two situations are not similar, and the holding in *Tackett, supra,* simply does not apply.

To the extent that Benson challenges the State's ability to charge him with three separate counts of aggravated robbery for one criminal episode, this is not an issue that can be addressed in the present appeal; we are limited instead to a consideration of whether all three of the prior convictions can be considered under the violent-felony enhancement statute.[3]

■■ Moreover, *Tackett, supra,* is a 1989 opinion, and Ark. Code Ann. § 5-4-501(d) was amended in 1997. Under the rules of statutory construction, we presume that the legislature is fully aware of prior legislation and case law under preexisting law. *Bunch v. State,* 344 Ark. 730, 43 S.W.3d 132 (2002). We must presume that when amending section 5-4-501 in 1997, the legislature was fully aware of the supreme court's interpretation of section 5-4-501 as requiring convictions arising from separate criminal acts, and that it was the legislature's intent to abandon this interpretation by omitting the "separate and distinct prior occasion" language.

■ Accordingly, because Benson had previously been convicted of three felonies involving violence, the trial court did not err in denying his motion to dismiss the "three strikes" enhancement.

Affirmed.

GLADWIN and BIRD, JJ., agree.

---

[3] Although not an issue in the case now before us, in *Smith v. State,* 296 Ark. 451, 757 S.W.2d 554 (1998), the supreme court upheld seven separate terroristic threatening convictions arising out of one incident, because there were seven different victims and because terroristic threatening was not defined as a "continuing course of conduct" pursuant to Ark. Code Ann. § 5-1-110(a)(5). Aggravated robbery is likewise not a continuing offense. *Rhodes v. State,* 293 Ark. 303, 742 S.W.2d 911 (1988).