Stephen WITHERS *v.* STATE of Arkansas

CA CR 03-1144 218 S.W.3d 386

Court of Appeals of Arkansas
Opinion delivered November 30, 2005

*William H. Craig*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

TERRY CRABTREE, Judge. A Pulaski County jury found appellant, Stephen Withers, guilty of two counts of theft by receiving, one a class B felony and the other a class C felony. As a

result, he was sentenced as an habitual offender to respective terms of twenty-eight and twenty years in prison, to be served consecutively. The sole issue raised on appeal is whether there is sufficient evidence to support the class C felony conviction. Specifically, appellant argues that the evidence is not sufficient to support a finding that the card found in his possession was a "credit card." We affirm as modified.[1]

On May 6, 2002, Sam McFaddin discovered that his recently-purchased 2002 GMC Z-71 Extended Cab pickup truck was missing from his garage. Early on the morning of May 8, 2002, the home of Jack Lankford was burglarized. Mr. Lankford's wallet was among several items that were stolen.

On May 8, 2002, officers with the Little Rock Police Department observed Mr. McFaddin's truck, which had been reported as stolen, in the area of 26th and Rock Streets. They initiated a stop of the vehicle, but the vehicle continued onward for several blocks. Eventually, an individual jumped out of the truck, while it was still moving, and ran a short distance before being apprehended and arrested by the police. Appellant was identified as the individual who had been driving and had alighted from the truck. At booking, appellant's wallet was found to contain a bank card issued to Mr. Lankford. By felony information, appellant was charged with theft by receiving of Mr. McFaddin's truck, a class B felony, and theft by receiving of Mr. Lankford's bank card, as a class C felony.

At trial, Mr. Lankford referred to the card as a "bank card" and identified the State's exhibit as his "One Bank check card bearing my name and account number." The exhibit, a photograph of the front side of the card, reveals that it is a check card issued by One Bank, which bears a VISA imprint. Before Mr. Lankford could cancel the card, it was used to make a fifty-dollar purchase at a Texaco station.

Appellant moved for a directed verdict on the ground that the evidence would not support a conviction of theft by receiving as a class C felony because it was not proven that the card was a "credit card." The trial court denied the motion, and the jury

---

[1] This case originated as a no-merit appeal pursuant to Rule 4-3(h) of the Rules of Appellate Procedure – Criminal and has twice been before us. In an unpublished opinion dated January 12, 2005, we remanded for the record to be supplemented. In an unpublished opinion handed down on April 27, 2005, we ordered rebriefing in adversary form on the issue that is the subject of this appeal.

found appellant guilty as charged. Appellant contends on appeal that the trial court erred in denying his motion for a directed verdict.[2]

 A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Peterson v. State,* 81 Ark. App. 226, 100 S.W.3d 66 (2003). When a defendant challenges the sufficiency of the evidence convicting him, the evidence is viewed in the light most favorable to the State, and only evidence supporting the verdict will be considered. *Smith v. State,* 352 Ark. 92, 98 S.W.3d 433 (2003). We affirm a conviction if substantial evidence exists to support it. *Edmond v. State,* 351 Ark. 495, 95 S.W.3d 789 (2003). Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Smith v. State, supra.*

At the time the offense was committed in this case, Arkansas Code Annotated section 5-36-106(a) (Repl. 1997) provided that a person commits the offense of theft by receiving if he receives, retains, or disposes of stolen property of another person, knowing that it was stolen or having good reason to believe it was stolen. Subsection (e)(2)(B) of the statute provided that the offense was a class C felony if the stolen property was a "credit card."

Appellant's contention is that the card in question was a "debit" card, not a "credit" card, and thus the conviction is not supported by substantial evidence because the version of § 5-36-106 in effect at the time of the offense made theft by receiving a class C felony only if the card was a credit card. Before considering whether there is substantial evidence to support the conviction as a class C felony, we must first decide if appellant's proposed interpretation of the statute is correct.

 The basic rule of statutory construction to which all other interpretive guides must yield is to give effect to the intent of

---

[2] The State maintains that appellant's argument is not preserved for appeal because the error complained of is a sentencing error to which appellant raised no objection at sentencing. We disagree with the State's position that appellant's argument involves an error in sentencing. Appellant's argument is that the evidence is not sufficient to support his conviction of theft by receiving as a class C felony because there is no substantial evidence that the card in question was a credit card, an element that the State was required to prove to sustain the conviction as a class C felony under Ark. Code Ann. § 5-36-106(e)(2)(B) (Repl. 1997). Appellant moved for a directed verdict on this basis, and we consider this the appropriate means to challenge the sufficiency of the evidence.

the legislature. *Thomas v. State,* 315 Ark. 79, 864 S.W.2d 835 (1993). Penal statutes are strictly construed and all doubts are resolved in favor of the accused. *Benson v. State,* 86 Ark. App. 154, 164 S.W.3d 495 (2004). We also observe that sentencing is controlled by statute and that sentencing is in accordance with the statute in effect at the time of the commission of the offense. *Cody v. State,* 326 Ark. 85, 929 S.W.2d 159 (1996).

■ As previously noted, § 5-36-106(e)(2)(B) (Repl. 1997), in effect at the time of the offense, provided that theft by receiving of a "credit card" was a class C felony. We observe that in 2001, the legislature amended Ark. Code Ann. § 5-37-207, titled "Fraudulent use of a credit card," to also criminalize the fraudulent use of a debit card.[3] Likewise, in 2003, after the date of the offense in this case, the legislature amended the theft of property statute, Ark. Code Ann. § 5-36-103, and the theft by receiving statute, Ark. Code Ann. § 5-36-103, to include theft of a debit card, and theft by receiving of a debit card, as class C offenses.[4] The 2003 act also amended Ark. Code Ann. § 5-36-105 to make the theft of property lost, mislaid, or delivered by mistake a class B misdemeanor if the property was a debit card.[5] Thus, it is clear that the legislature recognizes that there is a distinction between credit cards and debit cards and that they are not one and the same thing. Strictly construing the statute, as we must, we conclude that, at the time the offense was committed in this case, theft by receiving of a credit card was designated as a class C felony, but that theft by receiving of a debit card was not.

■ We next decide whether there is substantial evidence to support a finding that Mr. Lankford's card was a credit card. In his testimony, Mr. Lankford referred to the card as a "bank card." Although the card bears a VISA imprint, on its face it also shows that it is a check card. It was the State's burden to prove that the card was a credit card. *See Hughes v. State,* 3 Ark. App. 275, 625 S.W.2d 547 (1981). On this record, we are left to speculate

---

[3] Act 1142 of 2001, § 1, now codified at Ark. Code Ann. § 5-37-207(a) (Supp. 2005).

[4] Act 838 of 2003, §§ 1 and 3, now codified, respectively, as Ark. Code Ann. § 5-36-103(b)(2)(D)(ii) (Supp. 2005) and Ark. Code Ann. § 5-36-106(e)(2)(B)(ii) (Supp. 2005).

[5] Act 838 of 2003, § 2, now codified as Ark. Code Ann. 5-36-105(b)(2)(B)(ii) (Supp. 2005).

whether the card was in fact a credit card. Therefore, we cannot say that there is substantial evidence to support appellant's conviction for theft by receiving as a class C felony. As per appellant's request, we reduce the conviction to a misdemeanor in accordance with Ark. Code Ann. § 5-36-106(e)(3). *See Cannon v. State,* 265 Ark. 270, 578 S.W.2d 20 (1979); *Hughes v. State, supra.*

Affirmed as modified.

BAKER and ROAF, JJ., agree.