Cite as 2021 Ark. 19

# SUPREME COURT OF ARKANSAS

**No.** CR–20–346

| | | |
|---|---|---|
| RICKIE GREEN | | **Opinion Delivered:** February 04, 2021 |
| | APPELLANT | |
| V. | | PRO SE APPEAL FROM THE LONOKE COUNTY CIRCUIT COURT; MOTION TO FILE BELATED BRIEF |
| STATE OF ARKANSAS | | [NO. 43CR–15–594] |
| | APPELLEE | |
| | | HONORABLE BARBARA ELMORE, JUDGE |
| | | <u>AFFIRMED; MOTION GRANTED</u>. |

**BARBARA W. WEBB, Justice**

Rickie Green appeals the summary denial of his petition to correct an illegal sentence that he had filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). He argues that his sentence was imposed in an illegal manner because the evidence did not support the charges to which he pleaded guilty. Green has also filed a motion to file a belated reply brief that was tendered to our clerk one day late. We grant Green's motion to file his reply brief. However, because Green does not allege or demonstrate in this appeal that the sentences imposed are facially illegal, we affirm the denial of the petition to correct an illegal sentence.

## I. *Facts*

Previously, Green had used the provisions of section 16-90-111 to successfully challenge his original sentencing order. We reversed and remanded the circuit court's denial

of relief because the sentences for the two convictions of conspiracy to commit residential burglary and theft of property of 108 months' imprisonment with 132 months' suspended imposition of sentence had exceeded the statutory maximum for the two offenses. *Green v. State*, 2017 Ark. 361, 533 S.W.3d 81. We held that the original sentencing order was illegal on its face. *Id.*

On remand, the order was amended. The amended sentencing order entered on January 9, 2018, reflects that Green pleaded guilty to conspiracy to commit residential burglary—a Class C felony—for which he was sentenced to seventy-two months' imprisonment with forty-eight months' suspended imposition of sentence. Green also pleaded guilty to theft of property valued at greater than $1,000 and less than $ 5,000—a Class D felony—and was sentenced to seventy-two months' imprisonment to be served concurrently.

Green again challenged his sentence, this time focusing only on the sentence imposed for theft of property. Green filed his petition in the circuit court to correct the theft-of-property sentence on September 24, 2019. He asserted that the stolen property did not exceed $1,000. After his petition was summarily denied by the circuit court, Green reasserts the same argument on this appeal.

## II. *Standard of Review*

Under our standard of review, the circuit court's decision to deny relief under section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. A finding is clearly erroneous when, although there is evidence to support it,

the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

### III. *Claim for Relief*

Section 16-90-111 gives the circuit court authority to correct a facially illegal sentence at any time. Ark. Code Ann. § 16-90-111(a); *Swift v. State*, 2018 Ark. 74, 540 S.W.3d 288. However, the time limitations for filing a petition under section 16-90-111(a)−(b)(1) alleging that the sentence was imposed in an illegal manner were superseded by Arkansas Rule of Criminal Procedure 37.2(c). *Swift*, 2018 Ark. 74, 540 S.W.3d 288. Under Rule 37.2(c), as applicable to Green's petition, if the judgment was the result of a guilty plea, then the petition had to be filed within ninety days of the date that the amended order was entered by the circuit court. Ark. R. Crim. P. 37.2(c) (2019). Here, the amended sentencing order was entered in January 2018, and Green filed his petition in September 2019.

If the timing of a petition under the statute falls outside the time limitations to correct a sentence imposed in an illegal manner, any valid claim must allege facts sufficient to support the petitioner's allegation of an illegal sentence. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. Green does not contend that the sentence of seventy-two months' imprisonment for his conviction of Class D felony theft fell outside the sentencing range. Instead, Green challenges the sufficiency of the evidence supporting his conviction for theft of property. An attack on the sufficiency of the evidence does not implicate the facial validity of the judgment of conviction under section 16-90-111. *See White v. State*, 2018 Ark. 81, 540 S.W.3d 291; *see also Leach v. State*, 2017 Ark. 176, 518 S.W.3d 670 (per curiam). In view

3

of the above, Green's petition to correct the sentences imposed in the amended sentencing order was untimely and did not include a valid claim for relief under section 16-90-111. The circuit court's decision to deny relief under section 16-90-111 was therefore not clearly erroneous.

Affirmed; motion granted.

*Rickie Green*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Christopher R. Warthen*, Ass't Att'y Gen., for appellee.