Cite as 2023 Ark. 78

# SUPREME COURT OF ARKANSAS
No. CR-22-731

| | | |
|---|---|---|
| LUTHER DILLON | | **Opinion Delivered:** May 11, 2023 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE BOONE COUNTY CIRCUIT COURT; MOTION FOR APPOINTMENT OF COUNSEL; MOTION TO FILE A BELATED REPLY BRIEF |
| V. | | [NO. 05CR-18-32] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE JOHN R. PUTMAN, JUDGE |
| | | AFFIRMED; MOTIONS MOOT. |

**KAREN R. BAKER, Associate Justice**

Appellant Luther Dillon appeals from a Boone County Circuit Court order denying his motion to withdraw his guilty plea, his petition to correct an illegal sentence imposed in an illegal manner pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016), his petition to vacate and set aside or correct his sentence, and his motion for a new trial. The circuit court denied the motions and petitions on the basis that the pleadings represented claims for postconviction relief filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure (2019). The circuit court found that Dillon's multiple requests for postconviction relief failed to meet the verification requirement of Rule 37.1 and were otherwise untimely under Rule 37.2(c). Also pending is Dillon's motion for appointment of counsel and motion

to file a belated reply brief. We affirm, rendering Dillon's motions for appointment of counsel and to file a belated reply brief moot.

I. *Background*

Dillon was originally charged with three counts of rape, one count of attempted rape, three counts of second-degree sexual assault, three counts of sexual indecency with a child, and three counts of grooming a child. The charges arose from allegations involving Dillon's three stepsons who were between the ages of six and fourteen at the time of the offenses. In exchange for his plea, the charges of rape and attempted rape as well as the other charges were dismissed, and Dillon pleaded nolo contendere and was convicted of three counts of first-degree sexual assault. Dillon was sentenced to an aggregate term of 240 months' imprisonment for the first two counts of sexual assault and 240 months' suspended sentence for the third count of sexual assault, which was imposed to run concurrently.

The original sentencing order was entered on June 6, 2019, followed by an amended order entered on June 18, 2019. Finally, a second amended order was entered on August 4, 2022. The first amended order was entered because a box was incorrectly checked on the order, and the second amended order was entered because an incorrect subsection was cited with respect to the offense for which Dillon was convicted.

On June 21, 2019, Dillon filed in the circuit court a motion to withdraw his plea. In the motion, Dillon primarily alleged ineffective assistance of counsel. The State filed a response, but the motion was not initially ruled on by the circuit court. Two years later, in March 2021, Dillon filed a petition to correct an illegal sentence imposed in an illegal

2

manner pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016), wherein he alleged false arrest, false imprisonment, and false representation. Dillon filed a second petition on November 8, 2021, asking the circuit court to vacate and correct his sentence on the bases of ineffective assistance of counsel, insufficient evidence supporting his convictions, fraudulent claims by witnesses, prosecutorial misconduct, and a speedy-trial violation. Finally, on July 27, 2022, Dillon filed a motion for a new trial.

After conducting a hearing on the above-cited motions and petitions, the circuit court treated the pleadings as unverified and untimely petitions filed pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure and dismissed them.[1] On appeal, Dillon argues that the court erred by not addressing the substance of the claims presented in his motion to withdraw his plea and in his petition to vacate and correct his sentences. Dillon does not challenge the circuit court's ruling on the petition filed pursuant to section 16-90-111 or the court's ruling on his motion for new trial.

---

[1]Before entering its order on Dillon's pleadings, the circuit court considered whether the filing of the second amended order nunc pro tunc affected the timeliness of Dillon's motion to withdraw his plea. Pursuant to Arkansas Rule of Criminal Procedure 26.1 (2019), a motion to withdraw a plea must be filed before entry of judgment. The circuit court was satisfied that the amended order was entered to correct a clerical error that did not affect the timeliness of Dillon's motion to withdraw his plea because the order had no bearing on the substance of the original June 6, 2019 sentencing order, which set forth Dillon's convictions and sentences in accordance with his plea. A true clerical error is one that arises, not from an exercise of the court's judicial discretion, but from a mistake on the part of its officers. *Lewis v. State*, 2017 Ark. 211, 521 S.W.3d 466. Because the second amended order was entered nunc pro tunc, only the clerical change in that order can be challenged. *Id.* Dillon did not challenge the circuit court's order on this issue, even though it is discussed at length in the circuit court's order.

## II. *Standard of Review*

A trial court's ruling on petitions that request relief pursuant to Rule 37.1 will not be reversed unless the decision granting or denying postconviction relief is clearly erroneous. *Gay v. State*, 2022 Ark. 23. A finding is clearly erroneous when, although there is evidence to support it, the appellate court after reviewing the entire evidence is left with the definite and firm conviction that a mistake has been made. *Id.* The same is true for reviewing petitions that request relief under section 16-90-111. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54.

## II. *Claims for Relief*

On appeal, Dillon argues that on June 4, 2019, he "mailed or filed by 'mail box rule'" his motion to withdraw his plea. However, his motion was not filed until June 21, 2019.[2] A review of the record demonstrates that in at least two of the arguments raised in pleadings to the circuit court, Dillon first alleged that he mailed his motion to withdraw the plea on June 7, 2019, and in a second argument, Dillon stated that he mailed the motion on June 6, 2019. Dillon alleged in his second petition to correct his sentences that he mailed the motion to withdraw his plea on June 4, 2019, which he reasserts on appeal. A party is bound by his own pleadings and cannot maintain a position inconsistent therewith. *See Culpepper v. Smith*, 302 Ark. 558, 792 S.W.2d 293 (1990). Because the original judgment was entered

---

[2]Dillon did not raise the mailbox rule in any pleadings he filed in response to the State's arguments pertaining to the timeliness of his motion to withdraw his plea. We will not consider arguments that are raised for the first time on appeal. *Rainer v. State*, 2022 Ark. 159, 651 S.W.3d 713.

on June 6, 2019, Dillon's allegation that he mailed the motion in a timely manner is not supported by his admissions encompassed in the pleadings that he filed in the circuit court.

We have consistently held that the burden of conforming to procedural rules applies even when the petitioner proceeds pro se because all litigants must bear the burden of conforming to the rules of procedure or demonstrating good cause for not so conforming. *Allen v. State*, 2019 Ark. 281, 585 S.W.3d 668. For the reasons set forth above, Dillon has not demonstrated good cause for failing to file his motion to withdraw his plea before entry of the sentencing order. When a motion to withdraw a guilty plea is untimely, it is reviewed as a motion for postconviction relief under Rule 37.1. *Webb v. State*, 365 Ark. 22, 223 S.W.3d 796 (2006). It is well settled that a postconviction petition pursuant to Rule 37.1 must be verified to prevent perjury. *Id.*

As stated above, Dillon does not challenge his first petition to correct an illegal sentence imposed in an illegal manner under section 16-90-111. However, his second petition to vacate and correct his sentence represents another such petition. In his second petition to correct his sentence, Dillon expands on the allegations set forth in the first petition and alleged that his counsel was ineffective, the evidence was insufficient to support his conviction, his conviction was obtained by fraudulent-witness claims, his conviction resulted from prosecutorial misconduct, and he was convicted in violation of his right to a

speedy trial as well as a violation of due process.[3] Dillon contends that his sentence was imposed in violation of his statutory and constitutional rights, and he challenges the manner in which he was sentenced; as such, his claims are subject to the limitations set forth in Arkansas Rule of Criminal Procedure 37.2(c).

Section 16-90-111 gives the trial court authority to correct a facially illegal sentence at any time. *Green v. State*, 2021 Ark. 19, 615 S.W.3d 389. However, the time limitation for filing a petition under section 16-90-111 alleging that the sentence was imposed in an illegal manner has been superseded by the limitation period set forth in Arkansas Rule of Criminal Procedure 37.2(c). *Id.* Under Rule 37.2(c), if the judgment was the result of a guilty plea, then the petition had to be filed within ninety days of the date that the order was entered by the trial court. *Id.* If the timing of a petition to correct a sentence falls outside the time limitations to correct a sentence imposed in an illegal manner, any valid claim must allege facts sufficient to support the petitioner's allegation of an illegal sentence. *Id.*

An illegal sentence is one that is illegal on its face. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. A sentence is illegal on its face when it is void because it is beyond the trial court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Furthermore, sentencing is entirely a matter of statute in Arkansas, and a sentence is illegal

---

[3]Dillon argues on appeal that Arkansas Rule of Civil Procedure 60(b) supports his motion to correct his sentences. However, Dillon raised the application of Rule 60(b) as a basis for his motion for a new trial. Dillon does not challenge the circuit court's ruling with respect to his motion for a new trial. Therefore, the argument will not be addressed on appeal. *Rainer*, 2022 Ark. 159, 651 S.W.3d 713.

when it exceeds the statutory maximum for the crime for which the petitioner was convicted. *Id.*

Dillon did not allege or show that the circuit court did not have the authority to sentence him or that his sentence exceeded the maximum statutory sentence. Instead, he collaterally and directly attacked the judgment of conviction by alleging, among other things, that his attorney was ineffective and that there was insufficient evidence of his guilt.

In any event, his sentences are legal. First-degree sexual assault is a Class A felony. *See* Ark. Code Ann. § 5-14-124 (Repl. 2013). The maximum sentence for a Class A felony is thirty years' imprisonment. Dillon was sentenced to an aggregate term of 240 months' or twenty years' imprisonment for two counts of first-degree sexual assault, which is well within the maximum for two Class A felonies. Moreover, his 240-month suspended sentence imposed concurrently for the third count of first-degree sexual assault is likewise legal on its face. *See Willingham v. State*, 2021 Ark. 177, 631 S.W.3d 558. The circuit court did not clearly err when it denied and dismissed Dillon's motions and petitions to withdraw his plea as unverified and to set aside his sentences as untimely.

Affirmed; motions moot.

*Luther Dillon*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Brooke Jackson Gasaway*, Ass't Att'y Gen., for appellee.