Cite as 2023 Ark. 122

# SUPREME COURT OF ARKANSAS

No. CR-23-236

DUANE GONDER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** September 21, 2023

PRO SE APPEAL FROM THE DREW COUNTY CIRCUIT COURT
[NOS. 22CR-09-99; 22CR-10-53]

HONORABLE ROBERT B. GIBSON III, JUDGE

AFFIRMED.

**BARBARA W. WEBB, Justice**

Appellant Duane Gonder appeals from the trial court's denial of his pro se motion to vacate and dismiss judgment and commitment order due to lack of jurisdiction filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). In his motion, Gonder challenged the judgment as it pertains to his conviction and 120-month sentence for attempting to furnish a prohibited article into the correctional facility where he was being held awaiting trial. We affirm.

## I. *Background*

In 2010, Gonder pleaded guilty to first-degree murder and aggravated assault in case number 22CR-09-99 and attempting to furnish a prohibited article in case number 22CR-10-53. Gonder was sentenced to an aggregate term of 552 months' imprisonment.

## II. *Standard of Review*

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

## III. *Arkansas Code Annotated Section 16-90-111*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* However, the general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54. A circuit court has subject-matter jurisdiction to hear and determine cases involving violations of criminal statutes, and typically, trial error does not implicate the jurisdiction of the circuit court or, as a consequence, implicate the facial validity of the judgment. *Id.*

## IV. *Claim for Relief*

In the motion that Gonder filed in circuit court, he claimed, as he does on appeal, that he is entitled to relief under section 16-90-111 because the trial court lacked jurisdiction to convict him. He asserted that he did not engage in the criminal conduct contemplated by

Arkansas Code Annotated section 5-54-119 (Supp. 2009). Gonder alleges that the legislature did not include components of a cell phone as contraband when it enacted section 5-54-119. We note however that when Gonder committed the crime in 2010, cell-phone components were designated as prohibited items by the statute. *See* Ark. Code Ann. § 5-54-119(b)(1) (Supp. 2009). Arguing further, Gonder relies on *Laster v. State*, 76 Ark. App. 324, 64 S.W.3d 800 (2002), as support for his argument that the elements of section 5-54-119 were not established. Section 5-54-119 states in pertinent part that a person commits the offense of furnishing a prohibited article if he knowingly introduces a prohibited article into a correctional facility. Ark. Code Ann. § 5-54-119(a)(1). In *Laster*, the Arkansas Court of Appeals found that the statutory term "introduce" meant "to bring in from outside." *Laster*, 76 Ark. App. at 327, 64 S.W.3d at 803. According to Gonder, he was inside the detention center when he reached under a table to retrieve a battery for a cell phone that had been brought into the facility and concealed there. Accordingly, his conduct did not match the conduct proscribed by the statute as defined by the court of appeals in *Laster* because he was incarcerated and was inside under guard during the relevant time frame. *Id*. Thus, the misapplication of this statute to his conduct deprived the trial court of jurisdiction to convict him and sentence him. We hold that this argument is of no moment.

If, arguendo, we were to accept Gonder's argument, it would mean that, in 2010, the circuit court imposed his sentence in an illegal manner, not that the sentence was illegal on its face. Gonder does not challenge either his 120-month or his ten-year sentence as illegal because it does not exceed the statutory maximum sentence for the commission of the Class

3

C felony of attempting to furnish a prohibited article. *See* Ark. Code Ann. §§ 5-4-401(a)(4) and 5-54-119(b)(1)(B) (Repl. 2006).

We are mindful that section 16-90-111(a) gives the trial court authority to correct a facially illegal sentence at any time. *Dillon v. State*, 2023 Ark. 78, 665 S.W.3d 235. However, the time limitation for filing a petition under section 16-90-111(b)(1) alleging that the sentence was imposed in an illegal manner has been superseded by the limitation period set forth in Arkansas Rule of Criminal Procedure 37.2(c). *Id.* Under Rule 37.2(c), if the judgment was the result of a guilty plea, then the petition had to be filed within ninety days of the date that the order was entered by the trial court. *Id.* Therefore, the trial court did not clearly err when it found that Gonder did not state a cause of action under section 16-90-111(a).

Affirmed.

*Duane Gonder*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.