Cite as 2024 Ark. 7

# SUPREME COURT OF ARKANSAS

**No.** CR–23–308

| | | |
|---|---|---|
| TERRICK NOONER | | **Opinion Delivered:** February 1, 2024 |
| | APPELLANT | PRO SE APPEAL FROM THE SALINE COUNTY CIRCUIT COURT [NO. 63CR–93–133] |
| V. | | |
| STATE OF ARKANSAS | | HONORABLE BRENT DILLON HOUSTON, JUDGE |
| | APPELLEE | |
| | | <u>AFFIRMED</u>. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant Terrick Nooner appeals from the Saline County Circuit Court's dismissal of his pro se motion to correct an illegal sentence filed pursuant to Arkansas Code Annotated section 16-90-111 (Repl. 2016). For reversal, Nooner argues that his sentence was illegal because the aggravated-robbery charge should have been dismissed for lack of a speedy trial pursuant to Arkansas Rule of Criminal Procedure 28.1. We affirm.

Nooner was found guilty by a Saline County jury of aggravated robbery and sentenced to life imprisonment. He appealed the conviction and sentence, and we affirmed. *Rockett v. State*, 319 Ark. 335, 891 S.W.2d 366 (1995).[1]

The circuit court's decision to deny relief pursuant to section 16-90-111 will not be overturned unless that decision is clearly erroneous. *Millsap v. State*, 2020 Ark. 38. Under

---

[1]Robert L. Rockett was Nooner's codefendant, and Rockett's name appears first on the direct-appeal published opinion.

section 16-90-111, a finding is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Id.*

Section 16-90-111(a) provides authority to a circuit court to correct an illegal sentence at any time. *Redus v. State*, 2019 Ark. 44, 566 S.W.3d 469. An illegal sentence is one that is illegal on its face. *Id.* A sentence is illegal on its face when it is void because it is beyond the circuit court's authority to impose and gives rise to a question of subject-matter jurisdiction. *Id.* Sentencing is entirely a matter of statute in Arkansas. *Id.* The petitioner seeking relief under section 16-90-111(a) carries the burden of demonstrating that his or her sentence was illegal. *Id.* The general rule is that a sentence imposed within the maximum term prescribed by law is not illegal on its face. *McArty v. State*, 2020 Ark. 68, 594 S.W.3d 54.

Section 16-90-111(a) gives the circuit court authority to correct a facially illegal sentence at any time. *Dillon v. State*, 2023 Ark. 78, 665 S.W.3d 235. However, the time limitation for filing a petition under section 16-90-111(b)(1) alleging that the sentence was imposed in an illegal manner has been superseded by the limitation period set forth in Arkansas Rule of Criminal Procedure 37.2(c). *Id.*

Nooner claims that his sentence is illegal because he was tried and convicted in violation of Arkansas Rule of Criminal Procedure 28.1 when he was questioned and eventually charged with aggravated robbery in Saline County while he was being held in another county on a charge of theft by receiving. According to Nooner, the speedy-trial calculation began to run when he was arrested for theft by receiving. Whether Nooner was

convicted in violation of Rule 28.1 is irrelevant because his speedy-trial allegation amounts to a claim that his sentence was imposed in an illegal manner and therefore is barred by the statute of limitations set forth in Arkansas Rule of Criminal Procedure 37.2(c). *Dillon*, 2023 Ark. 78, 665 S.W.3d 235. Pursuant to Rule 37.2(c), Nooner had sixty days from the date the mandate issued on direct appeal to file a petition alleging a speedy-trial violation. *See Harris v. State*, 318 Ark. 599, 600, 887 S.W.2d 514, 515 (1994); *see also Maxwell v. State*, 298 Ark. 329, 767 S.W.2d 303 (1989).

Nooner does not challenge the facial legality of the judgment, and his life sentence for aggravated robbery does not exceed the maximum penalty for the offense. Aggravated robbery is a Class Y felony offense. *See* Ark. Code Ann. § 5-12-103(b) (1987) (Act 620 of 1981, § 13). The maximum sentence for a Class Y felony is life. *See* Ark. Code Ann. § 5-4-401 (1987) (Act 620 of 1981, § 8). Accordingly, Nooner's petition to correct an illegal sentence is barred by the statute and is otherwise without merit.

Affirmed.

*Terrick T. Nooner*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Jason Michael Johnson*, Ass't Att'y Gen., for appellee.

3