Cite as 2024 Ark. App. 556

# ARKANSAS COURT OF APPEALS

DIVISION II

No. CR-23-535

| | |
|---|---|
| | **Opinion Delivered** November 6, 2024 |
| MARK DAVIS | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, THIRD DIVISION |
| APPELLANT | [NOS. 60CR-88-1833; 60CR-88-2180] |
| V. | HONORABLE CATHLEEN V. COMPTON, JUDGE |
| STATE OF ARKANSAS | |
| | DISMISSED |
| APPELLEE | |

**WAYMOND M. BROWN, Judge**

Appellant Mark Davis appeals from the March 21, 2023 order of the Pulaski County Circuit Court denying his motion to correct clerical error. Davis argues that the circuit court erred in denying his motion because, rather than correcting a clerical error, the amended sentencing order modified a judicial act, and further, the circuit court lost jurisdiction to amend the sentencing order once he was committed to the custody of the Arkansas Division of Correction (ADC). We dismiss the appeal for lack of jurisdiction.

On December 21, 1988, Davis pled guilty to seven counts of theft of property.[1] The plea statement stems from two cases that were consolidated—60CR-88-1833 and 60CR-88-2180. On

---

[1]Davis's appellate brief erroneously states that he pled guilty to four felony counts of theft of property in each case—60CR-88-1833 and 60CR-88-2180. The State's reply brief erroneously states that Davis pled guilty to three counts in each of the aforementioned cases, for a total of six felony counts. The record before this court reflects that Davis was convicted of four counts theft of

January 23, 1989, Davis was sentenced to five years on each count. The space on the judgment and commitment orders that states, "If consecutive, explain:" was left blank. On June 22, the circuit court entered amended judgment and commitment orders indicating that each sentence is to be served consecutively. Notations at the bottom of the orders state they were "corrected due to clerical error." The criminal docket sheet contains the following June 21 notation: "Entry of 1-23-89 in error. Sentences are to run <u>consecutive</u> instead of <u>concurrent</u>."

On October 20, 2022, more than thirty-three years after the amended judgment and commitment orders were entered, Davis filed a motion to correct clerical error. In the motion, he argued that the plea agreement he entered was for all counts to run concurrently; however, the amended orders entered five months after the original order, without notice to him, changed the sentences to run consecutively. Davis contended that the modification was a clerical error that should be amended and that he suffered irreparable harm by serving more time in ADC than he should have served.

The State responded to Davis's motion asserting that although the circuit court has the authority to correct clerical errors nunc pro tunc, it cannot correct unverified history. Further, the State argued that the amended judgment and commitment orders reflected the express intent of the circuit court that Davis serve his sentences consecutively. The State additionally contended that denial of the motion "would in no way prejudice [Davis], as he has already served his time on these

property in 60CR-88-1833 and sentenced to serve five years on each count (twenty years); he was convicted of three counts of theft of property in 60CR-88-2180 and sentenced to serve five years on each count (fifteen years).

2

offenses, whether the time is calculated consecutively or concurrently, and he was sentenced to serve time on other cases in addition to these two."

Following a hearing, the circuit court entered an order denying Davis's motion, finding that a correction to the record could not be based on unverified history. The circuit court stated that the plea statement did not indicate if the counts were to run concurrently or consecutively. The court further found that the same judge who issued the original judgment and commitment orders also issued the amended orders, and that judge was in a better position to know the intent of the court than the circuit court thirty-three years later. Davis brings this appeal from the denial of his motion to correct clerical error.

A circuit court may correct a mere clerical error in a judgment at any time; however, a motion to correct a judgment that is based on a substantive claim, such as an allegation that the sentence imposed did not conform to the plea agreement, falls within the purview of Rule 37.1 of the Arkansas Rules of Criminal Procedure.[2] Here, Davis's motion to correct clerical error did not assert a mere clerical error but instead contended that his sentences should be served concurrently, rather than consecutively, in accordance with his plea agreement. Therefore, Davis's motion is treated as one seeking Rule 37.1 postconviction relief.

The version of Arkansas Rule of Criminal Procedure 37.2(c) in effect when Davis pleaded guilty and was sentenced provided that when an appellant enters a plea of guilty, a petition under Rule 37 must be filed in the circuit court within three years of the date of entry of judgment

---

[2] *Samples v. State*, 2012 Ark. 146 (per curiam).

unless he alleged a ground for relief that would render the judgment void.[3] Rule 37.2(c) as applicable to Davis was abolished in *In re Abolishment of Rule 37*,[4] effective July 1, 1989. The per curiam specifically provided that "persons who have been convicted and sentenced during the time the rule was in effect may proceed in accordance with the rule as it existed prior to that date."[5] Davis's amended sentencing orders were entered on June 22, 1989; therefore, the Rule applied to him.

Because he pleaded guilty, Davis was required to file his motion within three years of the entry of the amended sentencing orders unless he alleged a ground for relief that would render the judgment void.[6] Davis makes no claim that the judgment is void. The record reflects that the amended sentencing orders that he challenges were entered on June 22, 1989. He was therefore required to file his postconviction motion before June 22, 1992. Davis did not file his postconviction motion to correct clerical error until October 20, 2022, more than thirty-three years after the amended sentencing orders were entered and more than thirty years after the time to challenge the sentences expired. The time limitations imposed by Rule 37.2(c) are jurisdictional in nature, and if they are not met, the circuit court lacks jurisdiction to consider a Rule 37.1 petition.[7] Consequently, the circuit court was without jurisdiction to grant relief.

---

[3] *See* Ark. R. Crim. P. 37.2(c) (1989).

[4] 299 Ark. 573, 770 S.W.2d 148 (1989) (per curiam).

[5] *Id*. at 573, 770 S.W.2d at 148.

[6] Ark. R. Crim. P. 37.2(c).

[7] *Trice v. State*, 2011 Ark. 74 (per curiam).

We take care to point out that this appeal falls squarely among those that were sought to be prevented by the abolishment of Rule 37 in 1989 and the subsequent modification and reinstatement of Rule 37 in 1990.

*In re Post-Conviction Procedure*,[8] the supreme court order of October 29, 1990, provided in part:

> On May 30, 1989, by Per Curiam order, this court abolished Criminal Procedure Rule 37 and amended Criminal Procedure Rule 36.4, effective July 1, 1989. As we said in *Whitmore v. State*, 299 Ark. 55, 771 S.W.2d 266 (1989), the primary reason for abolishing Rule 37 was our concern that post-conviction remedies were drawn out extensively, and unnecessarily, before cases were concluded. It was our thought to accelerate post-conviction procedures and at the same time have a system which protects the defendant's constitutional and fundamental rights. Rule 36.4 was amended to provide a means by which a convicted defendant could assert claims of ineffective assistance of counsel within thirty days of judgment. Rule 36.4 also provided a procedure to consolidate the direct appeal of a judgment with the appeal of the denial by the trial court of post-conviction relief. (We would add that other states, such as Missouri, have adopted a similar consolidated direct appeal/post-conviction procedure in an attempt to expedite criminal appeals and post-conviction procedures.) The scope of the remedy afforded by Rule 36.4 was more limited than that which had been afforded by Rule 37.

> Members of the bench and bar have offered comments, and we have now had a period of some fifteen months to assess the procedure under Rule 36.4. We realize that any modification has its weaknesses and strengths, but we have presently settled on a procedure we believe will afford defendants their constitutional rights while substantially expediting his or her direct appeal and post-conviction remedies. The procedure is embodied in a modification of Rule 37 which, while it embraces the scope of Rule 37, places some limitations on the remedy which were not formerly part of the rule; in particular, the time for filing a petition for postconviction relief under the rule has been reduced from three years to ninety days in cases where the defendant pleaded guilty or did not elect to appeal and sixty days where an appeal was taken.

> We reinstate Criminal Procedure Rule 37 as modified and publish it in its revised form and amend Criminal Procedure Rule 36.4 and publish it. We also

---

[8]303 Ark. 745, 745–46, 797 S.W.2d 458, 458 (1990) (per curiam).

5

amend Rule 26.1 and publish it. The modified Rule 37 and the amended Rule 26.1(a) and Rule 36.4 shall become effective January 1, 1991.

Plainly, our supreme court abolished the previous Rule 37 because of concerns that it permitted applications for postconviction remedies to get out of control. The modification of Rule 37 was designed to improve the system of justice to expedite the postconviction process, conclude cases, and give more focus to legitimate claims seeking relief. The changes were intended to limit postconviction relief, chiefly by narrowing the time for filing the petition, to reduce abuses that result from meritless claims lodged under the guise of Rule 37 by defendants who have nothing to lose by filing the petitions. In *Whitmore v. State*,[9] our supreme court stated that by way of Rule 37 abolishment, a defendant will have less opportunity to misuse the federal and state systems to develop legal theories that unnecessarily prolong meritless cases.

In the instant case, while Davis styled his motion as one to correct a clerical error, it is a claim that his sentence did not conform to his plea agreement; therefore, it had to be raised in a timely petition under Rule 37.1. A postconviction claim raised thirty-three years after judgment was entered is, even under the previously more relaxed three-year filing timeframe as applicable to Davis, still three decades too late.

Because Davis's Rule 37.1 motion for postconviction relief was untimely, the circuit court lacked jurisdiction to consider the appeal and properly denied relief. Where, as here, the circuit court lacks jurisdiction, the appellate court also lacks jurisdiction.[10] Accordingly, we dismiss the appeal for lack of jurisdiction.

---

[9]299 Ark. 55, 771 S.W.2d 266 (1989).

[10]*Sims v. State*, 2011 Ark. 135 (pe curiam).

6

Dismissed.

HARRISON, C.J., and GLADWIN, J., agree.

*Josh Q. Hurst*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Walker K. Hawkins*, Ass't Att'y Gen., for appellee.