Cite as 2025 Ark. App. 334

# ARKANSAS COURT OF APPEALS

DIVISION III

**No.** CR–24–583

| | |
|---|---|
| CLINTON TERRY II | **Opinion Delivered** May 28, 2025 |
| APPELLANT | |
| | APPEAL FROM THE HOWARD COUNTY CIRCUIT COURT [NO. 31CR-22-41] |
| V. | |
| STATE OF ARKANSAS | HONORABLE TOM COOPER, JUDGE |
| APPELLEE | |
| | APPEAL DISMISSED |

## BRANDON J. HARRISON, Judge

Clinton Terry II, an inmate confined in the Varner Unit, appeals the denial of his pro se motion to withdraw his guilty plea, one of several motions filed in this docket, one of two felony prosecutions he faced in Howard County that ended in a consolidated plea hearing in November 2022. The factual nugget common to Terry's motions is his contention that he pleaded guilty understanding that the fifteen-year ADC recommended sentence the court imposed in this case was supposed to be "fifteen years with six suspended"—nine years imposed, followed by six years suspended.

Terry entered a written agreement to plead guilty in this case, number 31CR-22-41, and case number 31CR-22-138. In this case (-41), he agreed to plead guilty to the only count charged, delivering between two and ten grams of methamphetamine in violation of Ark. Code Ann. § 5-64-422(b)(2) (Repl. 2024), a Class B felony with a maximum prison

sentence of twenty years. Ark. Code Ann. § 5-4-401(a)(3) (Repl. 2024). Here is the agreed

sentence recommendation at the end:

**Plea Recommendation**

| | |
|---|---|
| Jail — | Fine $ — |
| Prison 15 yrs w/ Jud. Transfer | Cost $ 240 x 2 |
| ~~Probation~~ to ACC | DNA $ — |
| Suspended Imposition — | Restitution $ — |
| Drug Court — | Special Costs $ 125 |
| Credit for Jail Time Yes | Act 346 — |

Most preliminary questions to confirm the knowing and voluntary nature of the plea are

checked "yes" or "no" and initialed "CT." Where appropriate (questions directed to

noncitizens, for example), "N/A" is marked instead. The agreement bears Terry's and his

counsel's signatures.

Terry entered his guilty plea 30 November 2022. At the hearing, the prosecutor

advised the circuit court of the recommended sentence:

> Your Honor, on 31CR–22–41, the delivery charge, 15 years in the Arkansas
> Department of Corrections, court costs, a drug assessment fee, to run concurrent
> with the sentence received in 31CR–22–138, which in that case would be six years
> in the Arkansas Department of Corrections, court costs, drug assessment fee. Credit
> for any time that he has served on these, Your Honor. And we have also agreed not
> to file another delivery that we had from around that same time.

When the court asked Terry if that was his deal with the State, he responded, "Yeah."

The court entered a sentencing order 20 December 2022 and an amended sentencing

order 5 April 2023. The sentence in both orders (as relevant here) was 180 months (15

years) in the Arkansas Division of Correction, to run concurrently with his sentence in case

–138.

Terry might have thought the amended order changed his sentence. It didn't—at least in any relevant way. The only change is that next to "The Court hereby orders a judicial transfer to the AR Division of Community Correction," the "yes" box is checked. In the original order, both "yes" and "no" are blank. But a note at the end of both orders states, "COURT AUTHORIZES A JUDICIAL TRANSFER OF THE DEFENDANT TO A.C.C." The circuit court explained in an order addressing one of Terry's other filings—a petition for writ of habeas corpus—that the amended order "was solely entered to reflect that . . . it be recommended Terry's sentence be judicially transferred, not to lengthen or shorten his sentence."

Terry cannot win this appeal. The only questions are how broadly and on what grounds he fails. Breadth is an issue because many filings in this record, including Terry's notice of appeal, also include the case number from case -138 in the style. However, the record does not include any documents filed only in that docket. The State represents that no record has been lodged on appeal from case -138 and asks us to summarily affirm it. The State is mistaken (and wanting some due diligence): the record in that appeal was docketed in our supreme court as case number CV–23–584. We leave the disposition of that appeal to the supreme court. That is why we do not list the -138 case number in this opinion's caption; we don't decide an appeal currently pending in our supreme court.

The State argues Terry's requests for relief in this case are untimely. Here we *can* agree. Because he pleaded guilty, Arkansas Rules of Criminal Procedure 37.1 and 37.2 required Terry to bring virtually any request to withdraw his guilty plea within ninety days of judgment. *Dillon v. State*, 2023 Ark. 78, 665 S.W.3d 235. Outside that period, "any valid

3

claim must allege facts sufficient to support the petitioner's allegation of an illegal sentence," meaning a sentence that is "illegal on its face . . . because it is beyond the trial court's authority to impose." *Id*. at 6, 665 S.W.3d at 239. A sentence is illegal on its face if, for example, the court had no authority to sentence the defendant at all, or it imposed a sentence that exceeds the statutory maximum. *Id*. at 6–7, 665 S.W.3d at 239.

As we mentioned, the maximum sentence for a Class B felony is twenty years. Ark. Code Ann. § 5-4-401(a)(3). The fifteen-year sentence in this case is not facially illegal. Terry's claim that it should have been split between years imposed and years suspended is instead a claim that his sentence was imposed in an illegal manner because it didn't conform to his plea agreement. Those claims fall under Rule 37.1. *Davis v. State*, 2024 Ark. App. 556, 700 S.W.3d 242.

Terry's first relevant filing was filed 8 June 2023, more than five months after the original judgment—but less than ninety days after the April 5 amended judgment. The State argues that because clerical errors "may be amended nunc pro tunc," the amended sentencing order didn't affect the timeliness of Terry's motion. That can't get us very far because the court didn't enter that order nunc pro tunc. Nonetheless, the same appears to be true for amended sentencing orders generally. In an appeal where a Rule 37 petition would have been timely as to an amended sentencing order that added the sex-offender-notification requirement the petitioner challenged, our supreme court explained:

> Our rules regarding postconviction proceedings contemplate a single opportunity for postconviction relief as Rule 37.2(b) specifically requires that all grounds be raised in the original petition unless the petition was denied without prejudice. This opportunity encompasses claims known or that should have been known, as well as for those that subsequently become available. Clearly, Justus's petition is untimely as to the original judgment.

4

> Here, the amended judgment did not extend the time for Justus to file for postconviction relief, and his Rule 37.1 petition is untimely. Because the circuit court lacked jurisdiction, this court also lacks jurisdiction and the appeal is dismissed.

*Justus v. State*, 2012 Ark. 91, at 5 (citations omitted). The facts and analysis in *Justus* are rich with potential distinguishing points (for example, the court held the notification requirement it had added was a civil requirement, not a sentence). But the supreme court reached the same result in *Coleman v. State*, 2013 Ark. 152 (per curiam), in a terser analysis that implies those details don't matter.

Because Terry's request for relief is untimely, the circuit court lacked jurisdiction. Where the circuit court lacks jurisdiction, we also lack jurisdiction. *Id.*

Appeal dismissed.

TUCKER and BARRETT, JJ., agree.

*Clinton Terry*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.